## Case No. 3,989.

### DONOHOE v. MARIPOSA LAND & MIN. CO.

[5 Sawy. 163; [2] 6 Cent. Law J. 457; 1 Pac. Coast Law J. 211.]

Circuit Court, D. California. May 6, 1878.

FORECLOSURE OF MORTGAGE—REMOVAL OF CAUSES —CROSS-BILL.

1. Where D., a citizen of California filed a bill to foreclose a mortgage against M. the

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

mortgagor, also a citizen of California, and F., a subsequent incumbrancer and a citizen of New York, there can be no final determination of the controversy between D. and F. without the presence of M., and the suit is not removable by F. to the circuit court of the United States under section 639 of the Revised Statutes.

[Cited in Goodenough v. Warren, Case No. 5,534; Dormitzer v. Illinois & St. L. Bridge Co., 6 Fed. 218.]

2. Neither in such case where the only controversy is as to the validity of the mortgage, and whether there is anything due on it, is there "a controversy which is wholly between citizens of different states," or "which can be fully determined as between them," within the meaning of section 2 of the act of March 2, 1875 (18 Stat. 470), and the case can not be removed to the national courts under the provisions of that act.

[Cited in Bybee v. Hawkett, 5 Fed. 10.]

3. Where a cross-bill filed by one defendant against complainant and its co-defendant only sets up the same matter as that set up in the respective answers of the defendants to the original bill, it is merely matter of defense, and in no way affects the right of removal under the statutes cited.

[Cited in Maish v. Bird, 48 Fed. 608.]

Motion to remand cause to state court.

This suit was brought in a state court by the complainant [Joseph A. Donohoe], a citizen of California, against the Mariposa Land and Mining Company of California, a corporation created under the laws of California, and the Farmers' Loan and Trust Company, a corporation created under the laws of New York. The object of the suit is to recover a balance of something over one hundred and forty-five thousand dollars and interest alleged to be due complainant from the Mariposa Land and Mining Company of California, upon certain promissory notes, and to foreclose a mortgage given by said defendant upon large landed estates situated in California to secure the payment of said sums so alleged to be due. The bill alleges that the Farmers' Loan and Trust Company has, or claims, some interest by way of lien or mortgage upon the same premises, which is subsequent and subject to the mortgage of complainant, and on that ground prays that said corporation be made defendant. Each defendant answered separately, and each, so far as the matters in contest are concerned, set up the same defense; which is in substance as follows: That a corporation existed in New York, created by the laws of that state, named the Mariposa Land and Mining Company of New York, having its property in this state, to wit: the Mariposa mine; that the embarrassments arising in a case where a corporation and its property were thus divided led to the necessity of discontinuing the New York corporation, and establishing a new corporation in California, where the property is, as its successor; that, accordingly, a new corporation was created in the latter state named the Mariposa Land and Mining Company of California, one of the defendants; that to this corporation the New

York company transferred its property on condition that it should assume the payment of the New York company's indebtedness; that Donohoe, the California plaintiff, was the partner of Eugene Kelly in New York; that between Kelly and the said New York company a fraudulent agreement was made, to which Donohoe was privy, whereby, in consideration of Kelly's previous relations with that company, and his control over its interests, a fraudulent and collusive indebtedness from the New York company to him was pretentiously created; that this spurious claim was presented to the new California organization as one of the honest debts which it had assumed to pay; that in ignorance of its true character the California company, defendant herein, executed to Donohoe, as trustee for himself and said Kelly, and at the instance of the latter, a mortgage for the said pretended debt; that this debt included certain other moneys advanced by Donohoe and Kelly for the payment of the expenses incurred in the organization of the company in California; that so far as that item of the mortgage was concerned it constituted a true and valid debt; that for the entire indebtedness thus created said mortgage and promissory notes of the California corporation in suit were given; that certain of these notes embraced the amount advanced as above mentioned for the payment of the expenses of organization; and that these notes have all been paid, and by plaintiff are admitted to be paid.

The Farmers' Loan and Trust Company further sets up in its answer, that after the making of said notes and mortgage, the defendant, the Mariposa Land and Mining Company of California, executed in its favor another mortgage to secure an indebtedness for five hundred thousand dollars, the validity whereof is not yet disputed. But whether disputed or not is a matter of no interest to the complainant which is the first incumbrancer, and there can be no controversy between the complainant and the Farmers' Loan and Trust Company on that point. The Farmers' Loan and Trust Company then removed the case from the state court to the United States circuit court, and after such removal filed its cross-bill against the complainant, Donohoe, and its co-defendant, the Mariposa company, in which it alleges with more fullness of detail the said matters before alleged in the answers of the respective defendants to the original bill, and asked that the matters be adjudicated, the complainant's mortgage canceled, and for a foreclosure of its own mortgage.

The complainant now moves to remand the cause to the state court on the ground, among others, that it is not a case which the statute authorizes to be removed.

Doyle & Barber, for motion.

J. W. Winans, S. Heydenfeldt, and McAllisters & Bergin, contra.

SAWYER, Circuit Judge. The counsel of the defendant removing the cause, insist that the case is one for removal both under section 639 of the Revised Statutes, embodying the provisions of the act of July 27, 1866 [14 Stat. 306], and under section 2 of the act of March 3, 1875 (18 Stat. 470). In the petition it is stated, in express terms, that the application is made under the act of 1875, but it is insisted that the facts make a case for removal under either. It seems to be assumed in the brief filed, that there is no difference in the requisites with respect to the character of the controversy for removal under either act; and that the only difference is in the consequences—under the Revised Statutes the action being divided into two parts, one part being removed and the other remaining in the state court, while under the act of 1875 the whole suit is removed. The provision of the Revised Statutes, so far as applicable, is: When a suit is by a citizen of a "state against a citizen of the same, and a citizen of another state, it may be so removed, as against * * * said citizen of another state, upon the petition of such defendant * * * if so far as relates to him it * * * is a suit in which there can be a final determination of the controversy, so far as concerns him without the presence of the other defendants as parties in the cause." Section 639. For the purposes of the decision, I shall assume, without deciding the point, that this provision is not repealed by subsequent acts.

The provision of the act of 1875 invoked is: "When in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then, either one or more of the plaintiffs or defendants actually interested in such controversy may remove said suit," etc. 18 Stat. 470.

The construction of the act of 1866 (section 639, Rev. St.) upon this point in a very similar case, has already been determined by the supreme court. Gardner, a citizen of New York, conveyed lands in Tennessee to Walker, a citizen of Tennessee, in trust by way of mortgage to secure moneys due to Vassar, who afterwards died, and Brown, a citizen of Tennessee, became administrator. Brown, as administrator, filed a bill in the state court in Tennessee against Gardner of New York, the debtor, and Walker, the trustee, of Tennessee, to foreclose the mortgage. Thus, as in this case, in an action to foreclose a mortgage, the complainant and one defendant were citizens of the same state, and the other defendant a citizen of another state. The case having been removed by Gardner, the defendant, who was a citizen of an other state, to the United States circuit court, under the act of 1866, it was by that court remanded. An appeal having been taken to the supreme court, that court, in deciding the case, speaking by the chief

justice, says: "The motion of Gardner, the mortgagor, to transfer the cause, as to himself, to the circuit court, under the provisions of the act of July 27, 1866, could not be granted unless there could be a final determination of the cause, so far as it concerned him, without the presence of the other defendant as a party. And we think that the circuit court was right in the opinion that Walker was a necessary party to the relief asked against Gardner, and in refusing to entertain jurisdiction and in remanding the cause. The bill prayed a foreclosure of the mortgage by a sale of the land. This required the presence of the party holding the legal title. The complainant had only the equitable title. Walker held the legal title. The final determination of the controversy, therefore, required his presence; and as the cause was not removable as to him, under the authority of Coal Co. v. Blatchford, 11 Wall. [78 U. S.] 172, it could not be removed as to Gardner alone." Gardner v. Brown, 21 Wall. [88 U. S.] 40. This settles the claim of the defendant under section 639 of the Revised Statutes.

The bill in this case prays a foreclosure of the mortgage by a sale of the land. This, in the language of the supreme court, "requires the presence of the party holding the legal title," and that party is the Mariposa Land and Mining Company of California. The complainant here, as in the other case, has only an equitable claim—a lien to secure his debt—and the other defendant has only a lien on the surplus. The case is, therefore, not within the act of 1866, or the corresponding provision of the Revised Statutes. See, also, Sewing-Machine Cases, 18 Wall. [85 U. S.] 583. If, as defendant's counsel seem to assume, the conditions upon which the transfer can be made under this branch of the statute in the two acts are the same, although expressed in different language, and only the consequences differ, then this decision under the act of 1866, also, settles the question under the act of 1875. But we will examine the provisions of the act of 1875 upon their own terms. There must be "a controversy which is wholly between citizens of different states, and which can be fully determined as between them." Now, what controversy is there in this case that is wholly between the complainant, Donohoe, and the New York defendant, which can be fully determined as between them? Donohoe is seeking a decree for a large sum of money, which he claims to be due from the Mariposa company, and to obtain the money claimed to be due, by a foreclosure of a mortgage and sale of the mortgaged premises, the legal title to which is in said Mariposa company. He does not claim anything from the other defendant, except to conclude it by the decree against the real defendant, and there is no interest whatever in the foreign defendant except a lien upon the surplus left after Donohoe's just demand, whatever it may turn out to be, is paid. The whole contest is primarily and re-

ally between complainant and the Mariposa company, the interest in the other defendant being only secondary. There is but a single indivisible controversy between the complainant and the Mariposa Company, in which the foreign defendant has a derivative interest merely. The controversy between Donohoe and the Mariposa company is the principal, direct, and only, controversy; while that of the other defendant is only incidental by reason of a relation to the debtor voluntarily assumed after the interest of Donohoe attached. The defense set up by the foreign defendant is precisely the same as that set up by the debtor and principal defendant, and must be sustained by the same evidence. Its own defense must be made through the Mariposa company, as its rights were derived through it alone. It succeeds to a lien upon what the Mariposa company had left after satisfying the claim of Donohoe—nothing less, nothing more. It stands to the extent of its lien in its predecessor's shoes. The Mariposa company is interposed between the complainant and the other defendant in the contest. There is no charge of collusion between Donohoe and the Mariposa company; and there is no defense set up which is not, also, the defense of the Mariposa company. The controversy, therefore, is one and indivisible, and not wholly or principally between the complainant and the foreign defendant, but the latter's controversy is merely incidental to the real substantial controversy, which is between Donohoe and the other defendant. Again the controversy cannot "be fully determined as between them," or determined at all without the presence of the Mariposa company. A decree in a proceeding between Donohoe and the Farmers' Loan and Trust Company, without the presence of the Mariposa company, would be futile. It would in no way conduce to the accomplishment of the object of Donohoe's suit. There would be no practical or useful result if Donohoe should succeed. How then can it be said that the controversy can be "fully determined as between them," when the determination, if in Donohoe's favor, would be fruitless? A decree between Donohoe and the Farmers' Loan and Trust Company alone would not affect the rights of the Mariposa company, and no effective sale of the premises under it could be had. No party would bid at such a sale, because a sale would transfer nothing tangible.

So a decree against the Mariposa Land and Mining Company alone would not affect the rights of the other defendant; and, as has often been held in this state, a clear title would not pass by sale under such a decree. The decree in neither case, therefore, would afford the remedy sought, and I do not know of any means by which parties could safely purchase under both. There could, then, be no separate determinations of the controversy which would afford either singly or together an effectual remedy to Donohoe. It is no answer to say, that the whole suit would be transferred, and that then there would be but one decree, which would bind all parties, for we are not discussing the question as to what would be transferred, but are dealing with the test which the statutes have prescribed, by which to determine whether anything can be transferred. And that test is that there must be a controversy which is wholly between the separate parties, which can be fully determined as between them so as to be effectual in separate actions. If such determination cannot be had separately and independently, then the case is not one which the statute authorizes to be transferred at all, either wholly or in part. Besides this case is not within the reason upon which the jurisdiction is based. The only real controversy being between citizens of the same state, the interposition of the Mariposa company between the complainant and the Farmers' Loan and Trust Company, which is only incidentally interested through its co-defendant, is presumed to be a sufficient safeguard against any prejudice that might exist. It is, doubtless, upon this very theory that the act is framed with the limitations found in it.

In my judgment the case clearly does not present a controversy, which is wholly between citizens of different states, which can "be fully determined as between them" within the meaning of the statute. Even the authorities cited by defendants' counsel properly considered sustain this view. For example, Judge Dillon's tract on Removal of Causes is cited, wherein he says (page 30): "If the substantial controversy is wholly between citizens of the same state, it is not, and cannot become, one of federal cognizance; but if the real litigation is between citizens of different states, the case is within the constitutional grant of federal judicial power, notwithstanding some of the adversary parties may happen to be citizens of the same state with some of the plaintiffs." In this case the substantial controversy is between the complainant and the Mariposa company. So again, he cites Mr. Justice Davis's observation, from a note in Dill. Rem. Causes (page 35), "that the intention of congress, plainly expressed in the act of March 3, 1875, was, that where the main controversy in a case was between citizens of different states, it was removable, and carried with it all the incidents; and that a mere incident would not prevent the case from being removed." If this be true, and I have no doubt that it is, the converse of the proposition is equally true; and if the main controversy is between citizens of the same state, it is not removable, and the mere incident will not confer a right of removal. The incident must follow the real controversy to which it is inseparably annexed. In this case, there is but one indivisible controversy, and that is as to whether there is really any-

thing justly due from the Mariposa company to the complainants, and if so, how much. And that controversy is directly and primarily between the complainant and his alleged debtor and mortgagor. There is no subordinate, independent, or other controversy between the complainant and the foreign defendant. Its interest in this same controversy is only incident to the main controversy by reason of its relation to the debtor and real party. These views appear to me to be sustained by the current of decisions on the circuit. See Chicago v. Gage [Case No. 2,664]; Osgood v. Chicago, D. & V. R. Co. [Id. 10,604]; Arapahoe Co. v. Kansas Pac. R. Co. [Id. 502]; Cape Girardeau & St. L. R. Co. v. Winston [Id. 2,390]; Carraher v. Brennan [Id. 2,441]; Tyler v. Hagerty [Id. 14,308]; Latham v. Barry [Id. 8,102]; Peterson v. Chapman [Id. 11,042]; First Nat. Bank v. King Wrought-Iron Bridge Co. [Id. 4,803]. It is urged by defendants that, since the removal, the foreign defendant has filed a cross-bill against the complainant and its co-defendant, and that as to the cross-bill, there is a suit pending in which the complainant is a citizen of New York, and all the defendants are citizens of California, and that the suit for this reason is now properly in this court, whatever the case might have been at the time of the removal. But the cross-bill, so far as the complainants in the original and cross-bills are interested, sets up precisely the same matters as were set up by both defendants in the original bill. It is but a repetition of the defense already set up in the answers of both defendants. It could not go beyond the matters of the original bill. "A cross-bill is a defense." Gallatin v. Irwin, Hopk. Ch. 58, 59. "The original bill and the cross-bill are but one cause." 3 Daniell, Ch. (Ed. 1851) 1743. "Both the original and cross-bill constitute but one suit." Ayres v. Carver, 17 How. [58 U. S.] 595. "It should not introduce any distinct matter. It is auxiliary to the original suit, and a graft and dependency on it." Rubber Co. v. Goodyear, 9 Wall. [76 U. S.] 809; Cross v. De Valle, 1 Wall. [68 U. S.] 5; Field v. Schieffelin, 7 Johns. Ch. 252. The dismissal of the original bill before a hearing would doubtless carry the cross-bill with it as a part of the suit. Slason v. Wright, 14 Vt. 209, 210; Huntington v. Central Pac. R. Co. [Case No. 6,911]. The fact, therefore, that a cross-bill has been filed setting up the same matters put in issue by the original bill and answers cannot change the character of the case, or affect the question of jurisdiction. The original bill is still the suit, the cross-bill being but an appendage constituting a part of it.

The view taken upon the main question renders it unnecessary to notice the technical objections taken to the removal.

The cause must be remanded to the state court with costs, against the party removing it, and it is so ordered.