SILVERMAN, LINDAUER & Co. v. KUHN ET AL.

1. **Receiver**: APPOINTMENT OF: SHOWING REQUISITE. Where a debtor had executed a chattel mortgage on a stock of merchandise to certain creditors having claims nearly equal in amount to the value of the stock, and the mortgagees therein had taken possession by an agent, and were selling the stock in the ordinary course of trade, it was held that such facts were insufficient to authorize the appointment of a receiver to take charge of the mortgaged property, upon the application of an unsecured creditor who had attached by garnishment of the agent in charge.

2. ——: ——: ATTACHMENT. Section 2970 of the Code, conferring upon the court or judge, in a law action, jurisdiction and power to appoint a receiver of property attached, does not authorize the appointment of a receiver without a showing of facts rendering the exercise of the power necessary or proper.

*Appeal from Polk Circuit Court.*

THURSDAY, APRIL 22.

THE plaintiffs filed in the Polk Circuit Court a petition as follows:

"Paragraph 1. Plaintiffs state that they are partners, doing business under the firm name of Silverman, Lindauer & Co.; that said Isaac Kuhn, one of the above named defendants, is indebted to them in the sum of $787.59, for goods and merchandise sold and delivered by plaintiffs to defendant Isaac Kuhn.

"Par. 2. That prior to the 22nd day of April, 1879, said defendant Isaac Kuhn was a merchant carrying on business at Des Moines, Iowa, and was the owner, and in possession, of a large stock of merchandise, consisting of dry goods, clothing, furnishing goods, etc.; that on said 22nd day of April he executed a certain instrument purporting to be a chattel mortgage, in which his co-defendants herein are named as mortgagees, and in and by which said Isaac Kuhn pretended to convey to said Sarah Kuhn, E. Moeller, B. O. Hanger, Stettauer Bros. & Co. and G. P. Leyner, all the right,

title and interest in and to said stock of merchandise. Said instrument was filed for record in the recorder's office of the county of Polk and State of Iowa, on the 23d day of April, 1879, and recorded in book 74, at page 575, all of which will more fully appear by reference to said instrument, a copy of which is hereto annexed, marked 'Exhibit,' and hereby made a part of this petition.

"Par. 3. Plaintiffs further state that, as will appear by said copy, the pretended mortgage was given, among other things, to secure a pretended indebtedness of about four thousand dollars to Sarah Kuhn, the wife of said Isaac Kuhn; that the evidence of said indebtedness is a note given by said Isaac Kuhn to one Matilda Phillips, who is the mother of said Sarah Kuhn, and by the said Matilda Phillips transferred to Sarah Kuhn; that, in truth and in fact, no such indebtedness has existed or now exists between said parties; that the pretended indebtedness is wholly fictitious; that said note is false and fraudulent, and was made and so secured for the purpose, on the part of said Isaac Kuhn, Sarah Kuhn and Matilda Phillips, of hindering, delaying and defrauding the creditors of said Isaac Kuhn.

"Par. 4. Plaintiffs further state the indebtedness in said instrument mentioned to E. Moeller is fraudulent, and in truth and fact has no existence, but is so set up and so attempted to be secured to hinder, delay and defraud the creditors of said Isaac Kuhn.

"Par. 5. Plaintiffs further state that the said B. O. Hanger, one of the pretended mortgagees, is the confidential clerk of said Isaac Kuhn; that said sum of about $1,800 in said instrument alleged to be due from said Isaac Kuhn to said Hanger, is fictitious, without foundation or consideration, and is now set up by said Kuhn and Hanger for the purpose of defrauding the *bona fide* creditors of said Kuhn.

"Par. 6. Plaintiffs further state that the liability of said G. P. Leyner on said judgment mentioned in said instrument cannot exceed the sum of sixteen hundred dollars.

" Par. 7. Plaintiffs further state that said pretended mortgage was made in Des Moines, county of Polk and State of Iowa; that the mortgagees therein named, E. Moeller and Stettauer Bros. & Co., are not residents of the State of Iowa; that G. P. Leyner is a resident of Dallas county, Iowa, and that said Sarah Kuhn was, at the time of the execution of said instrument, in the city of New York; that none of said mortgagees, except said B. O. Hanger, were present, by themselves or agents, at the execution of the same, or knew that the same was executed, or to be executed, until after the pretended mortgage had been filed for record; that it was so filed by said Isaac Kuhn, his agent or attorney.

" Par. 8. Plaintiffs further state that said instrument conveyed all the property of any value then belonging to said Isaac Kuhn and subject to execution; that at the time of its execution said Kuhn was insolvent to his own knowledge, and made said conveyance with a view to an immediate suspension of his business and surrender of said property, and with intent to hinder, delay and defraud his creditors; that since the execution thereof, said defendant B. O. Hanger has been in possession of said property under and by virtue of said conveyance.

" Par. 9. Plaintiffs further state that on the 28th day of April, 1879, they sued out of the clerk's office of this court a writ of attachment against the lands and tenements, goods and chattels, rights and credits of said defendant Isaac Kuhn; that said writ of attachment was on the same day delivered to the sheriff of Polk county and served by summoning the said B. O. Hanger, at that time and still in the possession of said property, to appear at the August term of this court and answer as garnishee.

" Par. 10. Plaintiffs further state that other creditors of the said Isaac Kuhn have attached in like manner, at the times and for amounts as follows: Hirst, Mayer & Co., $128.00; Lindauer Bros. & Co., $378.64; H. A. Kohn & Co., $809.75; Silverman, Lindauer & Co., $787.55; Simon Meyer,

Strauss & Co., $365.00; B. Kuppenheimer & Co., $714.64; Eisinstadt & Bros., $146.71; Rindskopf Bros. & Co., $773.25; Cahm & Pepper, $181.98; and plaintiffs file this petition on behalf of all said attaching creditors as well as on their own behalf.

"Par. 11. Plaintiffs further state that said B. O. Hanger, so summoned as garnishee, is financially irresponsible; that before judgments could be recovered in the usual way in said attachment suits, the property now in the hands of said Hanger will be disposed of and converted into money, and that in such case the attaching creditors would lose all benefit or advantage resulting from the successful prosecution of said suits.

"Par. 12. Plaintiffs do not know the value of said stock of goods, and call upon the defendants for a discovery in regard thereto.

"Par. 13. Plaintiffs further show that said conveyance is almost wholly made to secure pretended amounts due from said Kuhn to his wife and relatives and confidential clerks and assistants; that the books of account and all evidences in writing, if any there be, of such transactions are in the possession and absolute control of defendants; that if said defendants were compelled to discover and set forth the character and consideration of said pretended amounts of indebtedness, it would be shown that they are not legal and valid claims against said Isaac Kuhn.

"Par. 14. Plaintiffs show that, as against the claims and liens of plaintiffs and other attaching creditors, said conveyance is fraudulent and void. Wherefore, plaintiffs pray that said defendants be compelled to set forth and discover the true nature and character, the inception and consideration of said pretended claims against said Isaac Kuhn; that said conveyance be declared fraudulent and void, and that it be set aside, and said property, or the proceeds thereof, be held subject to the lien of plaintiffs, by virtue of said attachment; that a receiver be appointed by this honorable court, with

power to take possession of said property, and hold the same subject to the order of the court, and for such other and further relief as the nature of the case may require."

The chattel mortgage referred to in the petition, and attached as an exhibit, is dated April 22, 1879, and is executed by Isaac Kuhn to Mrs. Sarah Kuhn, B. O. Hanger, Stettauer Bros. & Co., and G. P. Leyner, upon "all the stock of clothing, gents' furnishing goods, hats and caps, trunks, valises, dry goods, notions, woolens, shawls, and all other goods of every description, being now in the store-rooms, number 317 Walnut street, in the city of Des Moines," to secure "one note for four thousand dollars, made October 22, 1875, by the said Isaac Kuhn, payable to Matilda Phillips, with the interest from date, one day after date, and now the property of Mrs. Sarah Kuhn aforesaid; also the sum of two hundred and six and 41-100, now due said Sarah Kuhn on account; also six notes for one thousand dollars each, dated December 9, 1878, payable to E. Mœller, on the first day of May, 1879, the first day of June, 1879, the first day of July, 1879, the first day of August, 1879, the first day of September, 1879, and on the first day of October, 1879. Said six notes being executed by Isaac Kuhn as principal, and said Sarah Kuhn as surety, and to secure which she executed such mortgage upon her own real property; also two other notes made by the same parties at the same time, to the same payee, as the six notes last described, for the sum of two hundred and twenty-five dollars each, payable on the 12th day of June and 12th day of September, 1879, respectively; also the sum of seventeen hundred and ninety-eight dollars to B. O. Hanger, of Polk county, Iowa, now due and payable for money borrowed from him by said Isaac Kuhn; also, the sum of twenty-eight hundred and sixty dollars and ninety-one cents ($2,860.91) to Stettauer Bros. & Co., of Chicago, Illinois, for goods purchased by said party of the first part from the said Stettauer Bros. & Co., part of which is now due and the balance becoming due and payable in May, June and July,

1879, as per invoices; also, the said Isaac Kuhn shall indemnify and hold harmless the said Sarah Kuhn and G. P. Leyner against all liability undertaken by them as sureties in an action of replevin in the Circuit Court of Polk county, Iowa, in which judgment was rendered against said Kuhn at the January term, 1878, the title of said cause being *Isaac Kuhn v. M. Newman,* and the judgment being for twenty-six hundred and eighty-six dollars and forty-six cents ($2,686.46) and costs, which said judgment has been enjoined by an action in said court by said Isaac Kuhn against said M. Newman, said Sarah Kuhn being surety on the replevin bond in the first mentioned action, and the said G. P. Leyner being surety on the injunction bond in the latter action in said court, and the said Isaac Kuhn shall pay off whatever sum or sums he shall be finally adjudged to pay in respect to said actions and for which said bonds stand as security."

Notice that application for the appointment of a receiver would be made to his Honor, Judge Mitchell, in chambers, was duly served on Isaac Kuhn, Sarah Kuhn and B. O. Hanger. Service was not made upon the defendant E. Moeller, and no appearance was ever had for him.

The defendants Sarah Kuhn, B. O. Hanger, and G. P. Leyner, appeared, and in response to the application for the appointment of a receiver filed an answer, as follows:

" 1.   As to the matters and things alleged in the first paragraph of said petition, they say they have not knowledge or information to form a belief, and therefore deny the same.

" 2.   For answer to the second paragraph of said petition, admit all the allegations thereof except that they deny that said E. Moeller was one of the grantees mentioned in said mortgage.

" 3.   And for answer to the third paragraph of said petition, say they deny that no such indebtedness existed or now exists between said Isaac Kuhn and Sarah Kuhn as mentioned in and secured by said mortgage. Deny that said indebtedness is fictitious, and deny that the note mentioned in said

paragraph is false or fraudulent, or was made and so secured for the purpose, on the part of said Isaac Kuhn, Sarah Kuhn and Matilda Phillips, of hindering, delaying or defrauding the creditors of said Isaac Kuhn.

"4. For answer to the fourth paragraph, say, upon information and belief, they deny that the indebtedness in said mortgage mentioned to E. Mœller is fraudulent. Deny that in truth and fact the same has no existence; deny that it is set up or attempted to be secured to hinder, delay or defraud the creditors of the said Isaac Kuhn.

"5. For answer to the fifth paragraph of said petition, deny that B. O. Hanger is the confidential clerk of said Isaac Kuhn. Deny that the sum mentioned in said mortgage as due from Isaac Kuhn to said B. O. Hanger is fictitious and without foundation or consideration, and is now set up by said Kuhn and Hanger for the purpose of defrauding the *bona fide* creditors of said Kuhn; and the defendant B. O. Hanger, for himself further answering, says that at the execution of said mortgage the said Isaac Kuhn was and still is indebted to him in the full sum of money mentioned in said mortgage for moneys loaned by this defendant to said Isaac Kuhn, and by him used in his business.

"6. For answer to the sixth paragraph, they deny each of the allegations thereof, and say the liability of said Kuhn to said Leyner on said judgment mentioned in said mortgage is as therein recited.

"7. For answer to the seventh paragraph, deny that none of said mortgagees, except B. O. Hanger, were present by themselves or agent at the execution of said mortgage, or knew the same was executed or to be executed until after the same had been filed for record. Deny that it was so filed by Isaac Kuhn, his agent or attorney, but aver that the same was delivered to the mortgagees named therein and by them recorded.

"8. For answer to the eighth paragraph, admit that since the execution of said mortgage the defendant B. O. Hanger

has been in possession of said property under and by virtue of said mortgage, and say that said possession was taken for and on behalf of all the mortgagees mentioned in said mortgage, and is so held by him for them, and they deny each and every of the several other allegations in said paragraph contained.

"9. For answer to the eleventh paragraph of said petition, they specifically deny each and every allegation therein contained.

"10. For answer to the twelfth paragraph, they say that after the execution and delivery of said mortgage the said defendant B. O. Hanger took and caused to be taken an inventory of all the goods conveyed by said mortgage, on a basis of the original cost thereof, as near as the same could be ascertained, and that the value of said goods on said basis of valuation amounted in the aggregate to the sum of twenty-one thousand seven hundred dollars.

"11. And for answer to the thirteenth paragraph of the petition, say they deny that said conveyance was made almost wholly to secure pretended amounts due from said Kuhn to his wife and relations, and confidential clerks and assistants. They say that the said note of Isaac Kuhn to Matilda Phillips, now owned by defendant, Sarah Kuhn, was executed for moneys borrowed of Matilda Phillips by Isaac Kuhn and used by him in his business, and is now due and wholly unpaid, except that in December, 1876, and in the month of February, 1877, there was paid upon said note a small amount of interest, the precise amount the defendants cannot now state, for want of sufficient data at making this answer. That the sum of two hundred six and 41-100 ($206.41) dollars mentioned in said mortgage as due to said Sarah Kuhn on account is for money belonging to said Sarah, collected by defendant Isaac Kuhn, and used in his business. That the six notes for one thousand ($1,000) dollars each, dated Dec. 9, 1878, payable to E. Mœller, signed by Isaac Kuhn as principal and Sarah Kuhn as surety, and the other two notes made by the same parties at the same time to the said Mœller, all

mentioned 'in said mortgage, were so executed by the said Isaac and Sarah Kuhn for moneys had and received by Isaac Kuhn of said Mœller and used by him in his business, and to assist him in paying out his bankruptcy composition with his creditors and in renewal of prior notes given therefor.

"That the sum of seventeen hundred and ninety-eight ($1798) dollars mentioned in said mortgage as due to said B. O. Hanger is for and on account of moneys prior to the execution of said mortgage loaned to said Kuhn and by. him used in his business, no part 'of' which has ever been paid. That the sum of twenty-eight hundred sixty and 91-100 ($2860.91) dollars as due to Stettauer Bros. & Co., of Chicago, Ill., is for goods purchased by Isaac Kuhn of said firm, and the full amount thereof is unpaid. That the liability of said Isaac Kuhn to said Sarah Kuhn and G. P. Leyner as sureties for said Isaac Kuhn in the certain action for replevin in this honorable court in the certain action of *Isaac Kuhn v. M. Newman*, arises to the said Sarah Kuhn upon the replevin bond in said matter, in which cause judgment has been rendered against her thereon, and remains wholly unsatisfied, and is for the amount stated in said mortgage; and as to the said G. P. Leyner, it arises upon his liability as surety upon an injunction bond to enjoin the collection of said judgment. in the action of *Kuhn v. Newman*, now pending in this court and undecided.

"12.  For answer to the fourteenth paragraph of said petition, defendants say they deny each and every allegation therein contained; and, further answering, these defendants. say that plaintiffs have no legal right to interfere in any manner, either in law or fact, with the said goods in said mortgage mentioned, or with the possession of these defendants as mortgagees thereof, and are not entitled to the appointment of a receiver as prayed.  That said plaintiffs are not judgment creditors of the said Kuhn, nor have they any lien upon the property mentioned and conveyed by said mortgage, or any

part thereof. And having fully answered, they pray judgment for costs."

The defendants Stettauer Bros. & Co. made special answer and showing against the granting of a receiver, as follows:

" 1. That as to whether or not Isaac Kuhn, one of the defendants herein, is indebted to the plaintiffs in this cause in the sum of $787.50, as alleged, or in any other sum of money, for goods and merchandise sold and delivered by plaintiffs to said Isaac Kuhn, or not, they have not knowledge or information sufficient to form a belief, and, therefore, deny the same.

" 2. They admit that the said Isaac Kuhn executed the certain mortgage mentioned in the second paragraph of said petition, and as set out by copy appended to said petition, and not otherwise.

" 3. And for answer to the allegations contained and set forth in the third paragraph of said petition, these defendants say they have not any information or knowledge sufficient to form a belief as to the truth thereof beyond the recitals in the said mortgage, a copy of which is appended to plaintiff's petition; and they, therefore, ask that the same be taken as denied.

" 4. And for answer to the several allegations contained in and set forth by the fourth paragraph of said petition, these defendants say they have not knowledge or information sufficient to enable them to form a belief, and therefore ask that the same be taken as denied.

" 5. And for answer to the matters and things alleged in the fifth paragraph of said petition, they say they have not knowledge or information sufficient to form a belief beyond what is recited in and set forth by said mortgage, and therefore deny the same.

" 6. These defendants further say, that as to the matters alleged in the sixth paragraph of said petition, they have not knowledge or information sufficient to form a belief beyond what is recited in said mortgage, and therefore deny the same.

" 7. And for answer to the seventh paragraph of said

petition and the matters therein alleged, admit that said mortgage was made in Des Moines, Polk county, Iowa; admit that E. Moeller and these defendants are not residents of Iowa, and that G. P. Leyner is a resident of Dallas county, Iowa. They say that they have not knowledge or information sufficient to form a belief as to where the said Sarah Kuhn was at the date of said mortgage. They deny that none of said mortgagees mentioned in said mortgage, except B. O. Hanger, were present by themselves or agents or attorneys at the execution of said mortgage, or knew of the same, or knew the same was executed, or to be executed, until after the said mortgage had been filed for record, and deny that the said mortgage was filed for record by said Isaac Kuhn, his agent or attorney.

" 8. And for answer to the allegations of the eighth paragraph of said petition, they say they have no knowledge or information sufficient to enable them to form a belief as to whether the said mortgage conveyed all the property of any value belonging to said Isaac Kuhn subject to execution, and therefore deny such allegation.

They say they have not knowledge or information sufficient to form a belief as to whether the said Isaac Kuhn was, at the time of executing said mortgage, insolvent to his own knowledge or not, and therefore deny the same. They, upon information and belief, deny that the said Isaac Kuhn made said mortgage with a view to an immediate suspension of his business and surrender of said property, and with intent to hinder, delay and defraud his creditors. Admit that since the execution and delivery of said mortgage defendant B. O. Hanger has been in possession of said property under and by virtue of said conveyance. And they aver that such possession was so taken by said Hanger, and has so continued, for the benefit of all of the mortgagees mentioned in said mortgage.

" 9. And for answer to the several allegations embraced in the ninth and tenth paragraphs of said petition, these defendants say they have not knowledge or information sufficient to enable them to form a belief.

" 10. For answer to the eleventh paragraph of said petition, they say they deny each and every of said allegations therein set forth.

" 11. For answer to the twelfth paragraph of said petition, they say they are unadvised as to the value of the goods described in and conveyed by said mortgage, except as advised by the invoices thereof taken by B. O. Hanger under said mortgage. They are advised and believed to be true that said invoice aggregated the sum of twenty-one thousand seven hundred dollars, but beyond this they have no knowledge.

" 13. For answer to the thirteenth paragraph of said petition, they say it is not true that said conveyance was made wholly to secure pretended amounts due from said Kuhn to his wife's relations and confidential clerks and assistants. These defendants say they have not knowledge or information touching the books of account of said Isaac Kuhn, or as to where the said books of account are, or whether they are or are not in the possession of or under the control of the other defendants in this suit. They say said books of account of said Kuhn are not now, and never have been, in the possession of or under the control of these defendants.

" They say they have not any information or knowledge touching the several claims secured by said mortgage, except the claim of these defendants, and as to the other claims, they are informed, and believe to be true, that they are valid and *bona fide* claims, as recited in said mortgage. They say the claim of these defendants, as recited in said mortgage, is a *bona fide* and valid claim for the full amount recited in said mortgage against said Isaac Kuhn, and the same is and remains wholly unpaid. That said debt is for and on account of goods and merchandise sold by these defendants to said Isaac Kuhn, and delivered to him, and by him used in his business at Des Moines, Iowa.

" 13. And for answer to the fourteenth paragraph, they say they deny each and every allegation therein contained. And these defendants say that the mortgagees mentioned in

said mortgage are in possession of the goods mentioned in and conveyed by the said mortgage, and the same is a *bona fide* and valid security in their hands for the payment of the claims therein and thereby secured; that the plaintiffs are neither judgment creditors nor creditors having any lien whatever upon the said goods conveyed by said mortgage, or any part thereof, and they are in no manner entitled to the appointment of a receiver, or in any other manner to disturb the possession of the said mortgagees under their said mortgage until their debts are fully paid."

The defendant Isaac Kuhn, for himself alone, answered as follows:

" Paragraph 1.    He admits the statements of the first paragraph of the petition.

" Par. 2.    He admits the statements of the second paragraph of the petition, except that he denies that said mortgage was a pretended conveyance as alleged in said paragraph. On the contrary he alleges that the said mortgage was made in good faith to secure the just and valid claims of the persons named therein as mortgagees, and that the said claims as stated therein were and are *bona fide* and just.

Par. 3.    He denies the allegations of the third paragraph *in toto*, and avers that the said indebtedness therein referred to was, and is, just and real.

" Par. 4.    He denies all the allegations of the fourth paragraph of the petition and all of the allegations of the fifth paragraph of the petition, and avers that said indebtedness to E. Moeller and to B. O. Hanger are just and real as secured in said mortgage.

" Par. 5.    He denies all of the averments of the sixth paragraph of the petition.

" Par. 6.    He admits that said mortgage was made in Des Moines; that E. Moeller and Stettauer Brothers & Co. are non-residents of the State of Iowa; that G. P. Leyner is a resident of Dallas county, Iowa; that Sarah Kuhn was then in the city of New York; that said B. O. Hanger was the

only one of said mortgagees who was personally present, but he alleges that each of said mortgagees G. P. Leyner and Sarah Kuhn were present by their attorneys, and were insisting that their claims should be secured, and the said Isaac Kuhn insisted that if he gave them a chattel mortgage to secure their claims the said Stettauer Brothers, to whom he was indebted, should also be secured in the same manner, which was accordingly done. He denies that the said mortgage was filed for record by him, or his agent or attorney.

" Par. 7. He denies each and all of the allegations of the eighth paragraph of the petition, except that he admits that since the execution and delivery of said chattel mortgage, the said B. O. Hanger has been in possession of said mortgaged property, under and by virtue of said mortgage, for the benefit of himself and the other mortgagees.

" Par. 8. He states that he is unable to admit or deny the allegations of the ninth and tenth paragraph of the petition.

" Par. 8½. He admits that said B. O. Hanger has been summoned as garnishee in certain attachment proceedings against this defendant, but he denies that said Hanger is financially irresponsible, as alleged in the eleventh paragraph of said petition, and he denies that there is any danger of said mortgaged property being wrongfully converted, or converted or disposed of in any manner other than as contemplated and expressed in said mortgage.

" Par. 9. In answer to paragraph twelve of the petition this defendant says that an invoice of said mortgaged property was taken immediately upon the delivery of said mortgage, and amounted to twenty-one thousand seven hundred and twenty-six and forty-eight one hundredths dollars, as stated in answer of the mortgagees.

" Par. 10. He denies that any of said claims secured by said chattel mortgage are pretended, but he avers that they are all *bona fide*, real and just.

" 11. He positively and unequivocally denies that said chattel mortgage is, or was, intended to in any manner hinder,

or delay, or defraud any of his creditors, but was made in good faith and to secure *bona fide* debts due by him, and that the same is good and valid in law and in equity."

On the 16th day of July, 1879, the application for the appointment of a receiver came on to be heard at Chambers, and was based upon the foregoing petition and answers, and the record in the law case of *Silverman, Lindauer & Co. v. Isaac Kuhn*, consisting of the petition, original notice, writ of attachment, and return thereon. The petition was filed April 29, 1879, and claims of Isaac Kuhn the sum of $787.55, on two promissory notes, copies of which are incorporated in the petition, one of which was not due when the petition was filed. The petition asks an attachment against the property of the defendant. The original notice requires the defendant to appear and answer on the 11th day of August, 1879. The writ of attachment was served by levying upon certain real estate, and by garnishing B. O. Hanger.

Upon this showing, without any further evidence, the court sustained the application, and appointed W. T. Dart receiver in said cause, and authorized him to take possession of all of the mortgaged property. The defendants appeal.

*Phillips, Goode & Phillips*, for appellants.

*A. B. & J. C. Cummins* and *Brown & Dudley*, for appellees.

DAY, J.—I. Counsel have argued elaborately the questions as to whether the plaintiffs, not being judgment creditors, are under any circumstances entitled to a receiver; and whether they have such lien upon, or interest in, the mortgaged property as to entitle them to a receiver. In the view which we take of the case we do not deem it necessary to determine these questions. As before stated, the application for appointment of a receiver was based

1. RECEIVER: appointment of: showing requisite.

solely upon the petition and answers, and the record in the law action against Isaac Kuhn. The answers deny in positive terms every allegation of fraud and bad faith, and allege that the mortgage was executed *bona fide* for the securing of actual and just debts. The petition alleges that B. O. Hanger, summoned as garnishee, is financially irresponsible. This allegation is denied in the answers. The only facts which counsel for the plaintiffs claim are shown without contradiction are the following:

1. That on the 22d day of April, 1879, Isaac Kuhn executed the coveyance referred to in the petition, purporting to be a chattel mortgage.

2. That by virtue of said instrument, and on behalf of said mortgagees, defendant B. O. Hanger took possession of the stock of merchandise therein described, and was selling therefrom for the purposes set forth in said mortgage.

3. That the indebtedness secured by said mortgage does not, in any event, exceed the sum of $18,001.78.

4. That the property conveyed by said mortgage was of the value of $21,700.

5. That being so in possession, the defendant B. O. Hanger was garnished upon a writ of attachment, sued out by the plaintiff against the property of said Isaac Kuhn.

The record does not sustain the existence of any other facts. Do these facts warrant the appointment of a receiver of the mortgaged property? Appellees insist that they are entitled to the appointment of a receiver under section 2903 of the Code. If the applicability of this section to the matter in controversy should be conceded, what must appear in order to justify the appointment of a receiver? It must be shown that the "property, or its rents or profits, are in danger of being lost, or materially injured or impaired." Appellees' counsel concede the correctness of this position, for they say in their argument: "To entitle the plaintiffs to a receiver under section 2903, above quoted, it must appear * * *

that it is in danger of being lost or materially injured or impaired." How does such fact appear in this case? Counsel for appellees dispose of this question in the following manner: "Is the property in danger of being lost or materially injured or impaired? Upon this point there need be no argument; it appears that it is a stock of merchandise, and is being sold by the garnishee in the usual way of merchants." But if the property were placed in the hands of a receiver it would be disposed of in the same way. The sale of a stock of merchandise in the usual way of merchants does not injure or impair, or endanger the loss of the property. That is the mode of preserving the property and deriving a profit from it. The plaintiffs, by their garnishment, did not acquire a right to the possession of the stock of goods. They acquired simply a right to have the surplus of the fund arising from the sale of the mortgaged property, existing after satisfying the mortgage, applied to the satisfaction of their debt. This right can be as well secured by leaving the property in the hands of B. O. Hanger as by placing it in the hands of a receiver of the court. Hanger, through the garnishment proceeding, can be called upon to account faithfully for the disposition of the property. If he were an improper person to be intrusted with the property, or were insolvent, a different question might arise. But no such facts appear. The case is simply that a party, having a claim of a little less than eight hundred dollars, asks to have property valued at more than twenty-one thousand dollars, in the rightful possession of mortgagees under claims of more than eighteen thousand dollars, taken from the possession of the mortgagees and placed in the hands of a receiver, without showing that the property in its present custody will not be properly cared for and accounted for, or that his interest in the proceeds of the property will suffer any impairment. We are fully satisfied that the facts appearing do not warrant the appointment of a receiver under section 2903 of the Code.

II. It is urged, however, by appellees, that the garnish-

ment of B. O. Hanger is in effect an attachment of the prop-

2. ——: ——: erty, and that the receiver was properly appointed
attachment. under section 2970 of the Code. Without deter-
mining the effect of the garnishment proceeding, we are
satisfied that this case discloses no facts authorizing the
appointment of a receiver under section 2970. It is urged
by the appellees that this section authorizes the appointment
of a receiver without showing the existence of any fact other
than the levy of the attachment. This position, we think, is
not correct. The section simply confers upon the court or
judge, in a law action, jurisdiction and power to appoint a
receiver of attached property. In order to justify the exercise
of the power some facts must exist, and be shown, rendering
the exercise of the power necessary or proper. As we have
already seen, no such fact has been shown. Appellees rely
upon *Hughes v. Cory*, 20 Iowa, 399 (407). The language
used in that opinion, which is relied upon by the appellees,
was employed merely *arguendo*. This point was not in that
case, and could not have been there determined.

III. Appellees further claim that they are entitled to a
receiver under section 3317 of the Code. This section auth-
orizes an injunction, but has no reference to the appointment
of a receiver. We think that a receiver should not have been
appointed under the facts disclosed in this case.

REVERSED.