## MAISH *v.* BIRD *et al.*

(*Circuit Court, D. Iowa, C. D.* August, 1882.)

1. REMOVAL OF CAUSES—SEPARABLE CONTROVERSY—FORECLOSURE OF MORTGAGE.
    In a suit in a state court between citizens of the state to foreclose a mortgage, a non-resident, who was made a party defendant on the ground that he claimed some interest in the property, filed a cross-bill alleging that the mortgage was fraudulent and void, and praying a decree to set it aside. *Held*, that the matters set forth were purely matters of defense, which might properly have been set up by answer, and hence the issues were subordinate to and inseparable from the main controversy, and the non-resident defendant was not entitled to remove the cause to a federal court.

2. ATTACHMENT—GARNISHMENT OF PERSONS IN POSSESSION—LIEN.
    The service of garnishment process upon persons in possession of specific chattels creates no lien thereon, in the absence of an actual levy.

In Equity. Suit to foreclose a chattel mortgage. On motion to remand to the state court.

*Wright, Cummins & Wright,* for plaintiff.

*Nourse & Kauffman* and *Brown & Dudley,* for defendants.

McCrary, J. Maish, the holder and owner of a mortgage executed by Bird, brought his suit in a state court to foreclose the same, making Morrison, Harriman & Co. defendants, on the ground that they claimed an interest in the mortgaged property. Maish and Bird are citizens of Iowa, and Morrison, Harriman & Co. citizens of New York. The latter appeared and filed a cross-bill, alleging that the mortgage sued on is fraudulent and void, and praying a decree to set it aside; and thereupon they petitioned the state court for a removal of the cause to this court, on the ground that, under their cross-bill, there is a controversy wholly between citizens of different states, and which can be fully determined as between them. The original suit was not removable. It was a proceeding, as to the main controversy, by one citizen of Iowa against an-

other. There is nothing in the cross-bill that would have been improper in an answer except the prayer for affirmative relief. I am of the opinion that the non-resident defendants could not, by filing a cross-bill of this character, so change the nature of the suit as to make it removable, and thus compel Maish and Bird to bring their controversy here. If this is within the power of any non-resident who happens to be made a defendant in foreclosure proceedings in the state courts, the consequences must be very serious. A cross-bill is a defense. It cannot be employed for the purpose of introducing into the suit any distinct matter. It is only auxiliary to the original suit, and a graft and dependency on it. The original and cross-bill together constitute but one suit. We cannot look alone to the cross-bill to determine whether the suit is removable. 3 Daniell, Ch. Pr. 1851; *Ayers* v. *Chicago*, 101 U. S. 184; *Donohoe* v. *Mariposa Co.*, 5 Sawy. 163.

It is not necessary to determine whether, in any case, a defendant in a chancery suit in a state court can, by allegations in a cross-bill, present issues upon which he can remove the cause to a federal court, when the parties to the main controversy, the obligor and obligee in the contract sued on, are citizens of the same state. It is only necessary, in this case, to hold that where the facts alleged in the cross-bill are purely defensive in their nature, and such as may properly be alleged by way of answer, no right of removal can be acquired by presenting them in the form of a cross-bill. A careful consideration of the record also satisfies me that there is no separate controversy upon the cross-bill which can be wholly determined without reference to the issues joined upon the original bill. Should Morrison, Harriman & Co. sustain by proof the allegations of the cross-bill, they would do no more than establish a good defense to the complainant's suit, and decree for all the defendants would follow. If the allegations of the cross-bill should not be sustained by proof, then the trial would become a controversy solely between mortgagor and mortgagee, both citizens of Iowa. Thus it is seen that the issue presented by the cross-bill is incidental and subordinate, and not a separate controversy, distinct from the main case, which can be considered and determined by itself.

There is another serious difficulty in the way of our retaining jurisdiction of this case. Conceding that the cross-bill is all that counsel for defendants claim for it,—that is to say, that it is a separate suit or controversy, in which Morrison, Harriman & Co. claim affirmative relief outside of and independently of the issues joined upon the original bill,—does it not follow that it is in substance and effect a creditors' bill, brought to set aside an alleged fraudulent conveyance by the debtor? It alleges that Bird is indebted to Morrison, Harriman & Co.; that they have commenced proceedings by attachment and garnishment to enforce their claim against certain property; and that Bird has made a fraudulent mortgage conveying said property to complainant, Maish. A lien upon the property is claimed, not by virtue of a levy of the attachment thereon, but by reason of the service of the process of garnishment upon complainant and upon the Iowa National Bank, alleged to be in posses-

sion of the mortgaged property.    Are these allegations sufficient to give a federal court of equity jurisdiction, and to entitle the plaintiffs in the cross-bill to relief?   It would seem not.    *Jones* v. *Green*, 1 Wall. 330. It is more than doubtful whether such a bill can be maintained upon the ground that the complainant has issued an attachment and caused it to be levied upon the property; because, if such be the case, it would seem that his remedy would be by proceeding to judgment in the attachment cause, and by selling, or offering to sell, the attached property upon special execution.    But, however this may be, it appears from the allegations of the cross-bill in this case that no levy upon the property has been made.    It is clear that no lien was obtained by the garnishment of the parties in possession.    *Mooar* v. *Walker*, 46 Iowa, 167; *White* v. *Griggs*, 54 Iowa, 651, 7 N. W. Rep. 125; *Silverman* v. *Kuhn*, 53 Iowa, 452, 5 N. W. Rep. 523.

I do not inquire what the practice in the state courts may be, for in equity causes, whether originally brought in the federal courts or removed from the state courts, the former are bound to observe the general principles of the equity practice and jurisprudence.    It follows that the motion to remand must be sustained; and it is so ordered.