## FOUNTAIN v. 624 PIECES OF TIMBER.

(District Court, S. D. Alabama. July 16, 1904.)

No. 1,067.

1. FEDERAL AND STATE COURTS—PRIORITY OF JURISDICTION—SEIZURE OF PROPERTY UNDER PROCESS.

The possession of the officer of a court under legal process is the possession of the court, and property seized by a sheriff under a process of attachment from a state court, while in the custody of the officer, cannot be seized or taken from him under process from a federal court; but, to give the state court priority of jurisdiction, there must have been a valid seizure and actual control taken of the res.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, §§ 1386–1390.

Conflicting jurisdiction of state and federal courts, see note to Louisville Trust Co. v. City of Cincinnati, 22 C. C. A. 356.]

2. ATTACHMENT—MODE AND SUFFICIENCY OF LEVY.

A deputy sheriff, having a writ of attachment from a state court which he designed to levy on a raft of timber in a public boom, went in a boat near the raft, which was pointed out to him by the owner of the boom, but did not go upon it, nor count the timber, nor assume possession, merely making arrangement with the boom owner to count the timbers and report to him. *Held*, that no valid levy was made, and that a subsequent seizure of the timber by a marshal under process from a court of admiralty gave that court jurisdiction of the property.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attachment, §§ 464–468.]

In Admiralty. In the matter of the petition of John F. Powers, sheriff of Mobile county.

G. L. & H. T. Smith, for petitioner Powers.

Fitts & Stoutz, for libelant.

TOULMIN, District Judge. The court which obtains possession of property or of a controversy by priority in the service of its process acquires exclusive jurisdiction for all the purposes of a complete adjudication. B. & O. R. R. Co. v. Wabash R. Co., 119 Fed. 678, 57 C. C. A. 322. The well-settled doctrine is that when a court, in the progress of a suit properly pending before it, takes possession of property under an attachment or by any other mesne or final process, its jurisdiction over the property for the time being becomes exclusive, and no other court can lawfully interfere with the possession so acquired. Merritt v. Barge Co., 79 Fed. 228, 24 C. C. A. 530, and authorities therein cited. One court cannot take property from the custody of another court by any process, for this would produce a conflict extremely embarrassing to the administration of justice. Freeman v. Howe, 24 How. (U. S.) 450, 16 L. Ed. 749; Senior v. Pierce (C. C.) 31 Fed. 625; Heidritter v. Elizabeth Oil-Cloth Co., 112 U. S. 294, 5 Sup. Ct. 135, 28 L. Ed. 729. It is a principle of right and law, and therefore of necessity. It leaves nothing to discretion or mere convenience. Covell v. Heyman, 111 U. S. 176, 4 Sup. Ct. 355, 28 L. Ed. 390. Property seized by the sheriff under the process of attachment from the state court, and while in the

custody of the officer, cannot be seized or taken from him by a process from any other court; but, to give the court claiming such custody jurisdiction, there must be a valid seizure and actual control of the res under the process. Freeman v. Howe, supra; In re Hall & Stilson (C. C.) 73 Fed. 527. The possession of the officer of a court under legal process is the possession of the court. Taylor v. Carryl, 20 How. 583, 15 L. Ed. 1028. The doctrine referred to is recognized and admitted by the counsel in this case.

The sole question here is whether the property, the timber, involved in this controversy was in the prior possession of the state court under color of legal process; whether at the time of the seizure of said timber by the marshal under the process from this court the state court had the possession and control of the timber under the writ of attachment which issued from that court. Unless there was a valid levy of the attachment, the state court never acquired the possession or actual control of the timber. To constitute a levy on personal property, the officer must not only have a view of the property, but must assume dominion over it. Goode v. Longmire, 35 Ala. 668, 76 Am. Dec. 309; Abrams v. Johnson, 65 Ala. 465; Hamilton v. Maxwell, 119 Ala. 23, 24 South 769. And, while a summons of a garnishee may constitute a levy of an attachment, the service of garnishment process upon persons in possession of specific chattels creates no lien thereon, in the absence of an actual levy, and does not constitute an act of possession or dominion over such chattels. Maish v. Bird (C. C.) 48 Fed. 607. The undisputed evidence shows that the deputy sheriff, who had the attachment in hand for execution, made no valid levy on the timber. It was in a raft moored in a public boom, of which Gaines Fountain was the proprietor or manager. The deputy sheriff, in company with said Fountain, approached the raft in a boat, and came within some 60 feet of it, when, it being pointed out by Fountain among other rafts, the deputy sheriff viewed it. He did not go on it, or then ascertain the exact number of pieces of timber there were in the raft; but he informed Fountain that he had the attachment, and engaged Fountain to count the exact number of pieces of timber there were in the raft and to report the same to him, which was subsequently done. The counsel for petitioner does not claim that this action of the deputy sheriff constituted a valid levy of the attachment; but his contention is that there was an agreement between the deputy sheriff and Fountain that the latter should take charge of the raft of timber for the sheriff and should hold it as his bailee. This is denied by Fountain. It being conceded that there was no valid levy of the attachment, unless there was an agreement between the deputy sheriff and Fountain that the latter was to assume dominion over the timber and hold possession of it for the sheriff as his bailee or agent, the burden is on the petitioner to show such an agreement. The evidence on the subject is conflicting.

I am not satisfied from all the evidence that there was any distinct agreement between the parties such as is claimed by the petitioner. There was undoubtedly discussion between the parties about it. Fountain demanded that in addition to his regular boom charges he should be paid $1.50 a day for taking charge of and holding the raft of timber

for the sheriff, and the deputy sheriff refused to allow or to agree that any per diem would be allowed, but insisted that Fountain should only be allowed and paid his regular boom charges; and he says Fountain agreed to this. Fountain says he did not. There is no evidence that Fountain assumed any dominion over or special charge of the timber after this. He counted it—"rebooked" it, as it was called—and presented his bill to the sheriff therefor. He would have been entitled to his boom charges if the raft of timber remained in his boom after the supposed levy of the attachment, the same as if there had been no levy. No special agreement with the sheriff was necessary to give him a right to such charges, if entitled to them by law, and it does not appear reasonable that he would agree to assume special dominion and care of the timber as a bailee or watchman without special compensation, or at least some compensation additional to his regular boom charges. However that may be, it does not appear that Fountain ever did assume such dominion and care. I have no doubt that both the deputy sheriff and Fountain at the time believed that a valid levy had been made, and that there would be no question about it thereafter; but such belief or understanding would not constitute that a valid levy of the attachment which in law was not so. It cannot be justly claimed that Fountain's conduct in the premises at any time waived a valid levy of the attachment. He was not a party to the suit in which the attachment issued, and had no ownership in the property sought to be levied on. I have from the evidence little doubt that Fountain was content to remain in that belief as long as he thought that his claim against the timber would be recognized and paid him out of the proceeds of the sale of the timber under the process of the state court, but that when he learned that it would not be allowed him, or there was doubt about it, and also doubt about the validity of the levy, he took counsel and concluded to look elsewhere for the assertion and recovery of his claim. There being no valid levy of the attachment by the sheriff, the timber never came into the possession and control of the state court, but was subject to the seizure by the marshal under process from this court.

The petition is therefore denied.