## McGinnis v. Hart et al.

In an action on a replevin bond, for the non-return of property, as awarded, the petition and other papers in the replevin suit, are competent evidence to sustain the action on the part of the plaintiff.

By answering over, a party waives his objection to the pleading demurred to.

Where nothing is shown to the contrary, the appellate court will presume that an instruction given by the court below, was pertinent to the case.

Where in an action on a replevin bond, the petition claimed as damages the

McGinnis v. Hart et al.

sum of seven hundred dollars—the penalty named in the bond—and the petition, in stating the cause of action, alleged that the defendants did not return the property, but converted it to their own use, by means of which the plaintiff was damaged in the sum of two hundred and fifty dollars; and where judgment was rendered for the plaintiff for the sum of four hundred and forty-five dollars; *Held*, That the court did not render judgment for a greater amount of damages than was claimed in the petition.

Where in an action on a replevin bond, the court instructed the jury as follows: 1. That the records of the court show that return of the property was awarded in the former action; 2. That such award of return was still in force, and that unless defendants have returned the property or paid the value, they are liable; 3. That the petition of the plaintiff in the former suit, and the return of the sheriff, were proper evidence, and the latter conclusive of the facts therein stated, unless contradicted; 4. That if plaintiff proves that his property was replevied by H.—the principal in the replevin bond—and delivered to him, the defendants must prove the property returned, or paid for, or otherwise the verdict would be against them; and, 5. That in order to make a valid replevy, it was not necessary that the sheriff should actually take the property off from the premises of the defendant in replevin; but if the plaintiff in the replevin was present when the property was replevied, and consented to the manner of the replevy, and the kind of delivery made to him, he cannot now object to the validity of the levy: *Held*, That the instructions were not erroneous.

*Appeal from the Wayne District Court.*

THURSDAY, JUNE 17.

This action was commenced in October, 1856, upon a replevin bond, given by defendants to plaintiff, on 23d of January, 1854, in the penal sum of seven hundred dollars, conditioned to prosecute a suit in replevin brought by W. B. Hart against this plaintiff, and to return the property replevied, if a return should be awarded.

The petition lays the inducement and the breach, by stating the proceedings, in substance, as follows: In January, 1854, Hart sued out a writ of replevin to recover the possession of divers articles of personal property described in the writ, consisting of domestic animals, grain, and household furniture, and gave his bond above referred to, with K. M. Hart, as surety; by virtue of which writ,

the sheriff took the said property from the possession of the present plaintiff, and delivered the same to the defendant, which is shown by the return of the officer thereon, which writ and return remain of record in the said court. Such proceedings subsequently took place in the aforesaid cause, that at the April term of the same court, A. D. 1856, a trial was had, and a verdict and judgment were rendered, adjudging that the property so replevied belonged to the said McGinnis, and it was ordered and adjudged that the said Hart, (then plaintiff,) return the said property to the said McGinnis, then defendant), it being the same with that in this petition set forth. And the plaintiff alleges that in September, 1856, he demanded of said Hart a return of the property aforesaid, according to the above mentioned order and decree, but that the defendant has hitherto neglected and refused to make return thereof, but has converted the same to his own use, so that the property has been lost to the plaintiff; by means of which he has been damaged in the sum of two hundred and fifty dollars, and by reason of which also, an action has accrued to him to recover the said sum of seven hundred dollars in the bond mentioned.

The defendants answered that the plaintiff became possessed of the aforesaid property, by and through a fraudulent and collusive purchase and sale; and they deny that they gave such replevin bond as alleged, and that the property was taken from the plaintiff and delivered to defendant; and deny his alleged damage. To the first proposition of this answer, there was a demurrer, for the cause that it pleaded matter which must have been tried in the former cause, and sought to go behind the judgment. The demurrer was sustained, and the defendants filed an amended answer, denying the execution of the bond; that there was a bond and a judgment of return of property; and that they obtained the property of the plaintiff on the writ; and aver that "the property in dispute in this cause, has been in the possession of plain-

tiff, and defendants have no property of plaintiffs to return."

There was a replication, trial by jury, verdict and judgment for the plaintiff for the sum of four hundred and forty-five dollars. Defendants appeal. The questions made upon the bills of exception, appear in the opinion of the court.

*J. Harris*, for the appellant.

*H. H. Trimble*, for the appellee.

WOODWARD, J.—The error first assigned is upon the court allowing the plaintiff to read in evidence, the writ of replevin issued in the former suit in replevin by Hart against McGinnis; and the third assignment is to the allowing plaintiff to read in evidence the petition of said Hart, the plaintiff in replevin. The counsel have hardly laid open their objections, or rather the grounds of them, in their arguments in support of their views, and we shall aim only at a general examination of them. It is not very apparent what objection of weight, exists to the introducing the records of the action in replevin in evidence, in the present cause. On the contrary, this would seem to be necessary, of course. In any supposable case in which an action would lie upon a replevin bond, for the non-return of the property as awarded, how is the subject matter of the suit to be brought to view, and to be shown, but by the papers of the cause—the records themselves. Each paper does not contain a detail of all the others, so as to stand alone and independent, without reference to others. The bond, for instance, does not contain a long catalogue of items of personal property replevied, but the papers making the record, constitute the action.

In the present cause, the defendants deny the execution of a bond; deny that there is one; deny a judgment of return; and that the replevin plaintiff obtained the

property on the writ. To meet these denials, and to support the plaintiff's petition and allegations, he introduces the former plaintiff's petition in replevin, to show that he prayed for a writ, and what property he sought; he offers the writ and return to show that a writ issued, what was taken upon it, and that the property was taken and delivered to the then petitioner. Thus the plaintiff's petition in replevin, the writ prayed for by him, and the doings of the officer of the law, brought about by plain_ tiff's prayer, are introduced as evidence. No objection to their competency is stated, and none is perceived, applicable to the present cause; and no occasion is suggested for entering into an examination of the circumstances in which similar papers are sometimes held inadmissible.

The second assignment relates to the sustaining plaintiff's demurrer to defendants answer. As the defendants amended, proceeded with the cause, and went to trial upon the amended answer, they waived their objection to the ruling. Besides this, their answer seems to have reached behind the judgment in replevin, and to have touched upon the merits of the former action, and thus to have been liable to the demurrer.

The fourth assignment is to the giving each and all of five instructions, requested by the plaintiff, and the substance of which was: 1. That the records of the court show that return of the property was awarded in the former action; 2. That such award of return was still in force, and that unless defendants have returned the property, or paid the value, they are liable; 3. That the petition of plaintiff in the former suit, and the return of the sheriff, were proper evidence, and the latter conclusive of the facts therein stated, unless contradicted; 4. That if the plaintiff proves that his property was replevied by Hart, and delivered to him, the defendants must prove the property returned, or paid for, or otherwise the verdict would be against them; and, 5. That, in order to make a valid replevy, it was not necessary that the sheriff should actually take the property off from the premises of the defendant in replevin; but

McGinnis v. Hart et al.

if the plaintiff in replevin was present when the property was replevied, and consented to the manner of the replevy and the kind of delivery made to him, he cannot now object to the validity of the levy.

The necessity of some of these instructions is not very apparent, but they are not therefore erroneous. There was no impropriety in the court construing its prior records, and stating their legal effect, as requested in the first instruction, although they were to be offered in evidence to the jury. There is nothing showing that they were not so made evidence ; and the necessary presumption is, that they were. It was also competent for the court to instruct that the order of return remained in force, and the defendants liable on their bond, unless the obligation had been discharged by a return, or by compensation ; although the proposition would have been more complete, had the court added a reference to any other method of discharge, such as a release, or accord and satisfaction. But such an instruction would not be understood as limiting a discharge to the exact modes there named.

The third instruction is involved in the matter under the first and third assignments of error, relating to the admission of the petition, writ and return in evidence; the fourth is of similar substance to the second, and requires no other comment.

The fifth instruction is correct as a proposition. There is nothing shown in the case to make it applicable, but this court will assume it to have been pertinent, where nothing is shown to make the contrary appear. But it is objected to, as being erroneous, without a fact or any testimony stated, manifesting it as erroneous. If there was anything rendering it improper to be given, or erroneous as law, when applied to this cause, the testimony and the facts should have been set forth so far as to show this. We will venture a farther remark upon this instruction. A part of the defendants' answer alleges that Hart " did not obtain the property on the writ of replevin, and that the property has been in the possession of the plaintiff, and de-

fendants have no property of plaintiff to return. This answer, with the fourth instruction, indicates that there was some question in the case relative to the manner of executing the writ of replevin, and the delivery or taking possession of the property. It is necessary for the court to state that there is nothing in the case explaining this. There is nothing in the pleadings farther than that above stated, which is too brief and meagre; and nothing by way of statement or of evidence, which serves to throw light upon the matter, or to give it point. This may have been important to the defendants, and certainly, if the property were not taken from the plaintiff's posses. sion, and if it were not delivered to the defendant, Hart, this should have had a material influence upon the finding of the jury and the judgment of the court, and the defendants should not be charged with the value of it. But the defendants have brought nothing in the case to this court, which, in the least, indicates how this was. If there were an agreement between the parties, that the property should remain in the hands of the defendant, until the question of right was heard, it should have been shown in a bill of exceptions, but as nothing of the kind intimated is brought to a knowledge of the court, it can give the party no relief.

The fifth, and last assignment of error, is, that the court rendered judgment for a greater amount of damages than was claimed. There is no good foundation for this assignment. The plaintiff claims seven hundred dollars—the penal sum in the bond—both in the commencement and the close of his petition. In the course of his statement of his cause of action, and the breach of the condition of the bond, he alleges that the defendants (plaintiffs in the former action), did not return the property, but converted it to their own use, by means of which he has been damaged in the sum of two hundred and fifty dollars; but the petition proceeds to state further, and to claim the sum first named, that is, the penalty of the bond. In the manner in which the petition is constructed, this allegation of

damage in the lesser sum, must be regarded as one of several items, or causes of damage, and not as excluding the idea of damage from other sources, or in other respects. The damages recovered are within the amount claimed, and there is no error herein.

There being found no error in the rendition of the judgment, and in the proceedings, the same are affirmed.