## DRUMMOND v. STEWART.

Where it appeared from the record of a cause, "that heretofore, to-wit: on the 28th of May, 1858, an amended petition was filed," and that the cause had been tried at a former term, when the verdict was against the defendant, but the judgment was arrested, and a new trial granted, and thereupon the plaintiff filed the said amended petition; and where, it being at least the second term after the commencement of the suit, the defendant claimed that he was entitled to a continuance, under the act entitled "An act to amend section 1763 of the Code, and amendatory of the law providing when causes in courts of record shall be tried," approved March 22, 1858; *Held*, That the defendant was not entitled to a continuance.

Where in an action on an attachment bond, the plaintiff alleged that he offered to give the defendant, as attaching creditor, security from his property, and among other things, offered to assign to him his books of account; and where on the trial, in order to show what amount was due on his books, and that the persons against whom the accounts stood, were responsible, he called a witness, who testified that the demands on the books amounted to about $700 00, and that the debtors therein were responsible men, but he could not then recollect their names, nor the amounts due from them respectively, and could give the names of but three persons—to which evidence the defendant objected, for the reason that the books should be produced; *Held*, That the evidence was competent, with, or without the books.

In an action on an attachment bond, the writ of attachment and the officer's return thereon, is admissible in evidence.

Where an attachment *de facto* has been made, the defendant in an action on the attachment bond, cannot set up as a defense, that the process which he had sued out and set a going, was not executed in accordance with law; nor will the defective service of the writ of attachment, render the writ void.

Under the act entitled "An act to amend section 1848 of the Code," approved January 24, 1853, which prescribes additional causes for which attachments may issue, the attachment is allowed when the debtor will *neither* secure nor pay the debt with his property. The law gives to the debtor the right to elect, and if he is willing to do *either*, there is no such wrong intent or purpose, as will warrant an attachment.

In an action on an attachment bond, where the attachment was sued out under the act of January 24, 1853, on the ground that the debtor had property which he refused to give either in payment or security of the debt, the admissions of the creditor, that the debtor had offered to secure the debt, if proved, are conclusive against him, unless qualified in such a way as to destroy their force.

Drummond v. Stewart.

Where a debtor offers to transfer sufficient property to reasonably secure or pay the debt, the fact that the creditor thought that he could not make his money out of the security as soon as he wanted it, affords no ground for an attachment under the law of January 24, 1853.

Where in action on an attachment bond, the court instructed the jury as follows : " That it is no justification nor mitigation of damages, that the original indebtness or note, was a just claim, and that the creditor recovered judgment upon the same. It does not entitle a party to an attachment, simply because his claim is just. Some one of the causes laid down in the statute, must exist, or the suing out of the attachment is wrongful ;" *Held*, That the instruction was correct.

*Appeal from the Monroe District Court.*

FRIDAY, APRIL 15.

THIS was an action upon an attachment bond, sued out under the act of January 24, 1853, alleging that the writ was not only wrongfully sued out, but also wilfully wrong. The defendant pleaded a general denial, and certain special matters. The facts sufficiently appear in connection with the errors assigned. Verdict and judgment for the plaintiff, and the defendant appeals.

*T. B. Perry*, for the appellant.

*Noffsinger* & *Whitney*, for the appellee.

WOODWARD, J.—I. The error first assigned is, that the court refused a continuance at the term when the cause was tried. The record opens with the statement, that " heretofore, to-wit: on the 28th of May, 1858, an amended petition was filed," and it appears that the cause had been tried at a former term, when the verdict was against the defendant, but the judgment was arrested, and a new trial granted, and thereupon the plaintiff amended his petition ; and that this was a second trial, and at least a second term, but the record does not show when the action was commenced.

In this state of the case, the defendant claimed the right to a continuance, under the act of 22d of March, 1858,

Drummond v. Stewart.

(Acts 1858, 249), arguing that the amendment of the petition, placed the cause upon the same ground as if it were then first commenced. The court overruled the motion, and correctly, as we think. The temporary act above referred to, provided that causes should be tried at the second term after they were commenced, unless cause were shown for continuance. The ruling of the court was within the very letter of the act, and an amendment did not take the case out of the spirit and intent of the provision. The defendant had had one continuance, and he was not entitled to another under the act above cited.

II. The plaintiff alleges that he offered to give the defendant, as attaching creditor, security from his property, and, among other things, offered to assign him his book of accounts. In order to show what amount was due on the books, and that the persons against whom the accounts stoods, were responsible, he offered one Crawford as a witness, who testified that the demands on the books amounted to about $700 00, and that the debtors therein were responsible men, but he could not then recollect their names, nor the amounts due from them respectively. He could give the names of but three of the persons. The defendant objected to this answer and testimony, and also objected for the reason that the books should be produced. The court overruled the objection, and admitted the testimony, and this is the second error alleged.

The testimony was unquestionably competent, and it was so, either with, or without the books. There was no necessity for the plaintiff to produce the books, in the first instance; and if the defendant wanted them, he should take the proper steps to cause them to be brought in. Had he been refused, on such an application, it might be ground for complaint, but this testimony was admissible without the books. The bill of exceptions does not show in what relation to Drummond, Crawford stood—whether as clerk or othwise, nor his means of knowledge. His inability to men-

tion the names of the debtors on the books, was a matter affecting his credibility only, and was for the jury to consider. The plaintiff avers that he offered security to the defendant; and as a part of it, offered to assign his book of accounts. His main object, then, on the trial, after showing this proposition, was to show what the book of accounts was worth. The principal matter to be obtained from the witness, was his opinion of that worth. This the book could not show. It would show some of the elements upon which the question of worth rested—such as the names of the debtors, and the amount which each owed, but these matters were not such as demanded the book for their proof. From a previous examination of it, the witness could have formed as clear an idea of its value, as if it were present in the court. Then, if the defendant would rebut him, and desired the book, he should give notice for its production.

Under the same assignment, the defendant suggests as error, the admission of the writ of attachment, and the officer's return thereon. The same question was made, and the admissibility of these papers determined, in *Raver* v. *Webster*, 3 Iowa, 502; *McGinnis* v. *Hart*, 6 Iowa, 204.

The defendant argues that the return does not show a legal levy—a proceeding according to statute; and that, therefore, it is void, and no levy. The defect assigned is, that it does not show that the officer gave notice to the defendant, nor that he gave notice to the person occupying the premises. Passing by the consideration that these matters would not render the attachment void, we remark that it would be a strange defense for the creditor to make, that the process which he had sued out and set a going, was not executed in accordance with law, where an attachment *de facto* had been made.

III. The third assignment is, that there was error in giving the instructions asked by the plaintiff. These instructions are fifteen in number, and we shall notice them so far only as the defendant refers to them in his argument.

The first was, that if Drummond did refuse to mortgage

his property, but offered to give a sufficient amount in payment, Stewart had no right to his writ of attachment. This calls for a construction of the statute, and raises a question upon its meaning, which we do not recollect being moved before. But it is one of importance, and is well taken, for there is an ambiguity in the expression used by the statute. Its terms are: "which he refuses to give, either in payment or security of said debt." Will the refusal to do one of these things subject him to the writ, or must he refuse both? In other words, can the creditor demand either, and make a refusal of that sufficient; or, has the debtor the election, and where requested to do the one, may he offer to do the other? The instruction says the latter, for it held, that though he refused to mortgage—that is, to give in security—yet if he offered to give in payment, the creditor cannot attach. We think this was right. The attachment is given because he will neither secure nor pay, with his property. If he is willing to do either, there is no such wrong intent or purpose, as will warrant the attachment.

Neither this instruction, nor any facts shown in connection with it, leads to the question suggested by defendant's argument, whether the creditor, having once refused to accept an offer of security or payment, would be precluded from ever making another demand. He argues that it may have been proved so and so; but he should show what was proven. This he does not do. The difficulty in regard to some of the instructions is, that there is no statement of the testimony.

IV. The fourth instruction was, that "Stewart's admissions that Drummond offered to secure, if proven, are conclusive against him, unless qualified in such a way as to destroy their force. It gives Stewart no ground for attachment under this law; that he sued it out, because he could not make his money out of it, [the security,] as soon as he wanted it, provided the same was reasonably sufficient to secure or pay the indebtedness sued upon." The appellant excepts to this, as containing the doctrine, that if he made

such admissions, he is precluded from attaching on any new circumstances, which may have arisen subsequently. This is not understood to be the sense of the instruction, and the case shows no evidence which would tend to give it this bearing. It would seem to apply to facts as they existed at one time, and there is nothing indicating the contrary, so that there is no error apparent. The instruction would not apply to a changed state of circumstances, and the word "conclusive" is not made a point of objection in it.

V. Exception is taken to the fifth instruction, also, which is the following: "It is no justification, nor mitigation of damages, that the original indebtedness, or note, was a just claim, and that Stewart recovered judgment on the same. It does not entitle a party to an attachment, simply because his claim is just. Some one of the causes laid down in the statute must exist, or the suing out of the attachment is wrongful." It is not stated that the court excluded this fact from the jury, but it was admitted with the above instruction, and we cannot see that there was error in it. The instruction was correct. The fact that the plaintiff's claim is a just one, does not entitle him to an attachment. The claim may be just, and yet the attachment wrongful, and even wilfully wrong. It is the converse of this proposition, that has weight, where the plaintiff fails in his action, and then it has weight, according to the circumstances of the case. The attaching plaintiff may believe his demand entirely true, and yet fail; or, he may be correct in this, and yet be wrong, and even malicious, in suing out his attachment.

VI. The defendant then objects to the tenor of the plaintiff's instructions, generally, urging that they go to the extent of holding, that the plaintiff is entitled to recover, though the defendant may have had good reason to believe the facts to be true, which are sworn to, and he cites *Raver* v. *Webster*, 3 Iowa, 504. It is true that that case, and *Mahnke* v. *Damon*, 3 Ib., 107, hold that the plaintiff's ground for believing the facts stated to be true, is the true test, but

we do not understand the court to controvert this doctrine, but rather the contrary. And we see no error in the matter assigned.

It may be that the appellant has failed to present his case as he designed, in consequence of not causing the evidence to be certified, but we see no cause for reversing the judgment, and it will stand affirmed.