# Reynolds *v.* Harris.

## *Unlawful Detainer.*

1. *Justices of the peace; appeals from judgment of; how tried in Circuit Court.* On appeal from the judgment of a justice of the peace in unlawful detainer, the statute requires the case to be tried anew, without any regard to any defect in the proceedings before the justice, and the Circuit Court should not enquire into the regularity of the proceedings before the justice.

APPEAL from Macon Circuit Court.

Tried before Hon. JAMES E. COBB.

This was an action of unlawful detainer, brought by the appellee, J. T. Harris, against the appellant, W. A. Reynolds, before a justice of the peace. Appellant moved before the justice to dismiss the proceedings, on the ground that there were no papers in the cause. Thereupon the plaintiff handed the justice a copy of a summons which had been served on the defendant by the plaintiff, acting as special constable, and asked the presiding magistrate to sign the same, which was done against the objections of defendant. It was admitted that the summons handed the defendant was the only paper issued. The justice overruled the motion, and the defendant excepted. The defendant then moved to quash the summons, which had been written out on the day of trial, because it was not any original summons or any substitute for a lost summons, but merely a copy of the paper served on the defendant. The court overruled this motion, and the defendant excepted. The defendant then moved to quash and set aside the service of the summons, because Harris, who was appointed special constable, and who executed the summons, was the party plaintiff. The justice overruled this motion, and the defendant excepted. The defendants then moved to quash the summons and proceedings on the ground that its issue was without any other than a mere verbal complaint made to the magistrate by the plaintiff. It was admitted that only a verbal complaint was made to the magistrate. The justice overruled the motion, and the defendant excepted. After these motions had been made and overruled, the plaintiff offered to file a written complaint. The defendant objected to the filing, or bringing into the cause any written complaint at the time it was offered, but the justice allowed the plaintiff to then file a written complaint, and defendant excepted.

[Ex parte Simmons.]

The defendant then refused to go into the trial or to plead to the merits, and the justice thereupon rendered judgment against him.

On appeal to the Circuit Court the bill of exceptions recites, that "by agreement of counsel said motions were renewed in the Circuit Court, as if the same had been formally written out and presented ; the facts and grounds on which they are based were admitted by the plaintiff to exist." The Circuit Court ruled that "the facts on which the motions were based did not authorize it to quash them, and the court therefore overruled said motions," to which ruling the defendant excepted. There was a jury and verdict for the plaintiff, and the defendant brings the case here by appeal, assigning the refusal to grant his several motions as error.

W. C. BREWER, for appellant.

ABERCROMBIE, GRAHAM & BILBRO, *contra*.

BRICKELL, C. J.—On appeal from the judgment of a justice of the peace in a proceeding for unlawful detainer or forcible entry and detainer, the statute is express that " the cause must be tried anew without regard to any defect in the proceedings before the justice." A trial on the merits in the Circuit Court, as if the cause had been originally and regularly instituted in that court, the statute intends to secure. The proceedings before the justice were irregular, but into that irregularity the Circuit Court properly refused to enquire, or to entertain any motion based upon it.

Let the judgment be affirmed.