# Abrams *v.* Johnson.

*Summary Proceeding, by Notice and Motion, against Constable.*

1. *Levy of attachment; what is sufficient.*—To constitute a levy of an attachment on personal property, the officer must assume dominion over the property : he must not only have a view of it, but must assert his title to it by such an act as, but for the protection of the process, would make him liable as a trespasser.

2. *Summary proceeding against constable; sufficiency of notice and motion.*—In a summary proceeding against a constable and his sureties, instituted before a justice of the peace, for a failure to levy an attachment (Code, §§ 3663, 3671), the notice must briefly describe the process, stating when and by whom issued, the names of the parties, and when received by the constable ; and must aver that he failed to execute it, whereby the plaintiff lost his debt ; but it is not necessary to file a written motion in the justice's court.

3. *Same; proceedings on appeal.*—On appeal from the judgment of the justice in such proceeding, the case is required to be tried "according to equity and justice, without regard to any defects in the summons or other process before the justice" (Code, § 3121) : consequently, defects in the notice are not available, and a written statement of the cause of action is not necessary.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This was a summary proceeding, by notice and motion, at the suit of David Johnson, against Abe Abrams as constable, and R. W. Sharp as the surety on his official bond ; and was commenced before a justice of the peace, on the 27th September, 1880. The notice which was issued by the justice,

as sent up by him, with the other papers in the cause, to the Circuit Court, only stated "that David Johnson, by his attorney, has this day filed a motion in this court, praying a judgment of fifty dollars against him, the said Abrams, constable, and R. W Sharp, surety on his official bond"; and required the constable to appear, on a day named, "and show cause why the motion of said Johnson should not be granted, and judgment rendered against him." The motion filed in the justice's court was in these words: "Motion is hereby made against Abe Abrams, constable, and R. W. Sharp, surety on his official bond, for a judgment for fifty dollars damages, in favor of David Johnson; for that whereas, on the 12th November, 1879, the said Johnson did cause to be issued, against one Jordan Harrell, a process of attachment by one J. H. Nettles, a notary public, and *ex officio* justice of the peace in and for said county, which was placed in the hands of said Abrams as constable, commanding him to attach so much of the crop of said Johnson, and so to secure the same as that it might be liable to further proceedings in said cause. Said Abrams levied said attachment on four hundred pounds of cotton, and fifty pounds of fodder, and so disposed of the same that said corn and fodder were lost, and said Johnson failed to secure his just demand, or any part thereof. Wherefore, said Johnson moves the court for judgment against said Abrams and his surety, for said amount." The defendants appeared before the justice, and "moved to quash for want of precision in the plaintiff's charges"; but the justice overruled the motion, and, on the evidence adduced, rendered judgment for the plaintiff, for $15 damages, with interest from the date of the judgment in the attachment suit.

The defendants having removed the cause, by appeal, into the Circuit Court, they there submitted a motion to quash the proceedings, "1st, because the motion below did not state succinctly, nor state at all, in any manner, the cause for which the motion was or would be made, or any cause for a summary judgment under section 3351 of the Code; 2d, because the motion, on its face, shows no cause authorizing a summary judgment under any statutory provision." The court overruled this motion; and the cause being also submitted to the court for decision, without a jury, an agreed statement of facts was read in evidence, which, it is recited in the bill of exceptions, ",was agreed on before the justice, and which the defendant agrees may here be read in evidence, and are true as far as they go," as follows: "It is admitted that, in November, 1879, David Johnson sued out before J. H. Nettles, N. P., and *ex. off.* J. P., in and for said

[Abrams v. Johnson.]

county of Montgomery, an attachment against one Jordan Harrell, and obtained judgment on said attachment against Harrell for $15, with costs of court; that said attachment was placed in the hands of said Abrams as constable, and was levied upon four hundred pounds of seed-cotton and twenty-five pounds of fodder ; that the property was never sold by said Abrams, and the judgment has never been satisfied, but now stands unsatisfied on the justice's docket; and that said Abrams is under bond for $1,000 as constable, and said R. W. Sharpe is his surety on said bond." "The plaintiff then introduced one Love as a witness, who, having stated that Abrams " called him up to said Harrell's, and asked him how much seed-cotton he thought there was in a pile of cotton in Harrell's house, which was piled up in one corner of the room, there being but one room in the house," thus proceeded : " I told him, I thought there was about four hundred pounds. He told me, he had levied an attachment on the cotton, and upon about twenty-five pounds of fodder in a shed, and that he appointed me bailee of said cotton and fodder, with all the right and power over it that he had by virtue of his levy. Harrell was not at home ; and witness never took any possession, further than to notice it as he passed every day, and never gave any receipt for it, nor any bond ; but the cotton and fodder were left where found, in the house and possession of said Harrell." Abrams testified, as a witness for himself, " that he went to the house of said Harrell, in the country, the same day the attachment came to his hands, and levied it on a pile of seed-cotton in Harrell's house, supposed to be about four hundred pounds, and on twenty-five pounds of fodder in a shed ; that, having no means of removing it, he appointed Jim Love, who lived close by, bailee of said property, with directions that he had all the power to take care and control of it that he himself had ; that he returned the attachment on the same day, with the levy and appointment of Love as bailee, to the justice's court ; that he saw Harrell on the next day, and notified him of the levy ; that the case was tried on the 23d November, 1879, and judgment was rendered for the plaintiff for $15 and costs ; that Harrell was present at the trial ; that execution on the judgment was issued on the 28th November, 1879, and was on the same day placed in his hands as constable ; that he went to Harrell's house on the same day, with the execution, and found that the property had been moved the night before ; that he traced it to Montgomery, but was not able to find it; and that he returned the execution, there being nothing else he could levy on." The writ of attachment, with the constable's levy thereon indorsed, was read in evi-

dence by the plaintiff; and he proved that the value of the cotton was sufficient to pay the amount of his judgment.

"This being all the evidence, the court overruled the defendants' motion to quash the proceedings, and rendered judgment for the plaintiff; to which rulings and decision the defendants excepted," and which they now, assign as error.

J. A. MINNIS, for appellants.

TENNENT LOMAX, contra.

STONE, J.—Section 3268 of the Code of 1876 declares, that "attachments may be levied on . . personal property of the defendant; . . . and the officer executing the writ must indorse the levy or service thereon, and, if practicable, take the property in his possession, unless replevied, as hereinafter described." Section 3289: "The defendant in attachment, or, in his absence, a stranger, may replevy the goods or chattels attached, by executing bond,"&c.

In *French v. Stanley*, 21 Maine, 512, the question was, whether an attachment had been levied on a mare. The deputy-sheriff was the witness, and he testified, "that he got into the wagon, in which the mare was harnessed, and told Barker that he attached her as his property; and he thinks Barker and he rode down the street together, in the wagon, at the same time. He left the mare, as he found her, in Barker's possession, with a promise, as he says, on the part of Barker, to get a receipt for her." The court said: "This can not be regarded as proving an attachment of the mare. It does not appear that she had been under his control, for a moment; and if it could be considered that he had an instantaneous possession, it was instantaneously abandoned."

In *Rand v. Sargent*, 23 Maine, 326, the action was trover, for the conversion of a pair of oxen. The conversion relied on was an alleged levy of an attachment. The court said: "The oxen alleged to have been converted by the defendant to his own use, were never actually in his possession. He merely said to the person having them in custody, and who was alleged to be the debtor in the precept, which the defendant had in his possession for service, that he was ordered to attach them as his property, and must do so, and that he did attach them; and thereupon the alleged debtor procured a person, not being the plaintiff, to give a receipt for them, stipulating to deliver them to the defendant, as usual in casesof attachment of personal property on mesne process. . . It is undoubtedly true, as laid down in the elementary works cited, that the slightest actual interference, disturbing

[Abrams v. Johnson.]

another in his enjoyment of the possession of his property, unlawfully, is a trespass. But the defendant, in this case, never for a moment disturbed the possession of the person having the oxen in custody."

In *Polley v. Lenox Iron Works*, 15 Gray, 513, the court, *arguendo*, said : " Possession is necessary to constitute, or to preserve and continue an attachment." In *Bailey v. Adams*, 14 Wend. 201, the court said : " I do not think enough was done by the defendant to constitute a conversion. He directed a levy upon the wagon, while unfinished at the shop of Drake ; he did not take possession of it, but left it as he found it ; and as soon as he was informed that plaintiff claimed the wagon, he gave him notice that he relinquished all claim or right to it. The actual possession of the property was not changed." See, also, Drake on Attachment, § 198 ; Tidd's Practice, 1005.

To constitute a levy on personal property, the officer must assume dominion over it. He must not only have a view of the property, but he must assert his title to it, by such acts as would render him chargeable as a trespasser, but for the protection of the process.—*Cobb v. Cage*, 7 Ala. 619 ; *Cawthorn v. McCraw*, 9 Ala. 519 ; *Foster v. Mabe*, 4 Ala. 402 ; *Goode v. Longmire*, 35 Ala. 668 ; Crocker on Sheriffs, section 369. Under the undisputed facts of this case, appellant, the constable, never obtained dominion over the chattels indorsed in his levy—never disturbed the possession—never put himself in condition that an action of trespass, trover, or detinue, could have been maintained against him ; and we hold that he never, in fact, levied the attachment, so as to fasten a lien on the property.—Crocker on Sheriffs, sections 431, 436, 443 ; Rorer on Judicial Sales, §§ 1243–4.

There is no apparent conflict in the testimony in this case ; and it proves that, with due ;diligence, the constable could have levied the attachment, by taking control and dominion over the property. The testimony is, that the property was sufficient in value to pay the plaintiff's demand. The only remaining question is, are the proceedings sufficient to uphold the judgment. This was a summary proceeding, instituted before a justice of the peace, under the following provisions of the Code of 1876 : Sec. 3663 : " Judgments, not exceeding one hundred dollars, may be rendered, on motion, by justices, in favor of the party aggrieved, or the other persons herein specified, against the persons hereinafter named ; five days' notice thereof in writing being given, specifying the cause for which such motion will be made, and the time and place." Sec. 3671 : " For failing to execute process of attachment, which, by due diligence, could have been exe-

[Abrams v. Johnson.]

cuted, whereby the plaintiff has lost his debt, judgment for the amount of the debt and interest."

It will be observed that the notice to the officer, contemplated by these sections, must specify the cause for which the motion is made. The cause, in the present case, was the failure to execute the attachment, which by due diligence could have been executed. The notice, to conform to the statute, should have briefly described the attachment—when, by, and between whom it was issued; when received by the constable, and that he had failed to execute it, when, by due diligence, he could have executed it, whereby the plaintiff had lost his debt. These constitute the cause of the motion which, under the statute, the notice should specify. It was not necessary to file a written motion before the justice. Pleadings, except, perhaps, special and personal defenses, and some other statutory proceedings, while they are not improper, are not necessary in suits before justices; and when resorted to, they are not scrutinized so narrowly as pleadings in courts of record are. The notice served in this case did not specify the cause for which the motion would be made; nor, in fact, did the written motion filed specify the cause sufficiently, if the rights of the parties depended alone on the sections of the Code copied above.

The present case was an appeal from a justice's judgment, and the amount in controversy was less than twenty dollars. Section 3121 of the Code of 1876 provides, that " appeals and *certioraris* from judgments of justices of the peace must be tried . . according to equity and justice, without regard to any defects in the summons or other process before the justice." Section 3122 : " When the sum claimed does not exceed twenty dollars, the cause must be tried by the court, without the intervention of a jury ; when it exceeds twenty dollars, upon an issue to be made up under the direction of the court, and tried by a jury." These sections precisely cover this case. The defect in the notice could not be considered on the appeal, and no written statement of the cause of action was necessary in the Circuit Court.—*Staggers v. Washington,* 56 Ala. 225 ; *Reynolds v. Harris,* 62 Ala. 415.

We are not to be understood as affirming, or intending to affirm, that the constable, Abrams, if proceeded against for not preserving the cotton and fodder indorsed as levied on, could have defended himself, on the ground that he had not levied the attachment. His return would have precluded that defense. All we decide is, that he did not so perfect his levy, as to make it a defense to a proceeding against him for not levying the attachment.

The judgment is affirmed.