[Hamilton v. Maxwell.]

# Hamilton v. Maxwell.

*Action on Attachment Bond.*

119    23
s133   239
119    23
143    421

1. *Second suit on same cause of action stayed until costs of former suit paid.*—In a second suit between the same parties, on the same cause of action, seeking the same recovery, where plaintiff in the former action took a non-suit, and was taxed with costs, which have not been paid, it is error to refuse a motion by defendants to stay all further proceedings in the cause until the plaintiff pays the costs of the former suit.

2. *Insufficient levy.*—Where the officer in attempting to levy an attachment upon lumber piled up in a mill yard, and at a depot, takes no dominion over it, but merely views the lumber, and posts up a notice near by that he had levied on it, and indorses the levy on the writ, there is no valid levy.

3. *When obligors in attachment bond cannot deny the validity of the levy.*—The obligors in an attachment bond, when sued thereon, cannot avail themselves of the invalidity of the levy of attachment, where the parties to the writ treated it as a valid levy, and the property was subsequently sold under a *venditioni exponas* made and executed as upon a valid levy.

4. *Vindictive damages; what complaint must show in action on attachment bond.*—To authorize a recovery of vindictive damages in a suit upon an attachment bond, it is essential that the complaint allege that the attachment was sued out without the existence of any statutory ground therefor, and also that there was no probable cause for believing that the ground upon which the writ was sued out existed.

5. *Malice in suing out attachment; how shown; what not competent.*—Whether plaintiffs in attachment acted with malice in suing it out is to be gathered by the jury from all the circumstances bearing upon the inquiry, and, in a suit on the attachment bond, it is not competent for them to testify as witnesses that they entertained no ill will or malice towards the defendant when the attachment was sued out.

APPEAL from St. Clair Circuit Court.

Tried before the Hon. GEO. E. BREWER.

The action was brought by the appellee against the appellants, and counted upon an attachment bond, which was executed by the defendants. The breaches of the bond complained of were averred in the complaint as fol-

[Hamilton v. Maxwell.]

lows: "1st. The said attachment was wrongfully sued out. 2d. The said attachment was vexatiously sued out. 3d. The said attachment was maliciously sued out, all to the great damage of plaintiff, as above stated. Plaintiff further avers, that he was not fraudulently disposing of his property at the time attachment was sued out, nor at any time prior thereto, and that the grounds for suing out of said attachment, as stated in the affidavit of said N. O. Hamilton, was untrue."

During the examination of N. O. Hamilton, one of the defendants, as a witness, and after he had testified that he was the person who obtained the issuance of the writ of attachment, he was asked the following question: "If, at the time you sued out said attachment, did you entertain any ill-will or malice towards the plaintiff?" To this question the plaintiff objected, upon the ground that it called for illegal testimony. The court sustained the objection, and to this ruling the defendants duly excepted. It was shown by the evidence that prior to the issuance of the attachment, one of the plaintiffs in attachment went to the place of business of M. L. Maxwell and demanded payment of his indebtedness to Hamilton & Brother, and upon his saying that he had no money with which to make the payment, he agreed with said Maxwell that he would take lumber in payment therefor; that upon said Hamilton's picking out some of the lumber, to be taken in part payment of Maxwell's indebtedness, Maxwell told him that it belonged to other parties; and that upon selecting some shingles to be so applied in part payment of the indebtedness, Maxwell told him that the shingles belonged to his sons, one of whom was 19 and the other 22 years of age, and that he had permitted his sons to saw the shingles for their own use, when he was not otherwise using the mill. The defendants requested the court to give to the jury several written charges, among which were the following: (2.) "That unless the evidence shows to them to a reasonable certainty that S. L. Youngblood, the constable, took some dominion over the lumber in controversy, then there was no levy on the lumber, and the plaintiff was in no way prevented by said attachment from removing, selling or disposing of such lumber as he might have desired. (5.) If the jury believe from the evidence that Hamilton sued out the attachment under an honest belief, reasonably

·entertained, that the plaintiff was fraudulently disposing of his property, or had so disposed of his property, in giving such property to his minor sons or in giving his property to his sons in any way, then, under the evidence in this case, the jury could not give any vindictive or exemplary damages to plaintiff. (7.) "If the jury believe all the evidence in this case, they cannot give plaintiff any damages as smart money, or vindictive ·damages." These charges were refused. Other rulings of the court are shown by the opinion. There were verdict and judgment for the plaintiff. The defendants ·appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

M. M. SMITH, for appellant.—The motion to require payment of costs should have been sustained.—23 Am. & Eng. Encyc. of Law, 527; *Ex parte Street,* 106 Ala. 102. The levy was insufficient.—*Abrams v. Johnson,* 65 Ala. 415; *Stanton v. Heard,* 100 Ala. 515; *Galbreath v. Cole,* ·61 Ala. 139; *Thrasher v. Bennett,* 57 Ala. 156; *Blackman v. Dowling,* 57 Ala. 78; *Lewis v. Hudsman,* 56 Ala. 186. Measure of damages.—*City Nat. Bank v. Jeffries,* 73 Ala. 183; *Stewart v. Cole,* 46 Ala. 646; *Higgins v. Mansfield,* 62 Ala. 267; *Pollack v. Grant,* 69 Ala. 373; *Flournoy v. Lyon,* 70 Ala. 308. Vindictive damages not recoverable under the complaint.—*Schloss v. Rovelsky,* 107 Ala. 596; *Crofford v. Vassar,* 95 Ala. 548; *McLane v. McTighe,* 89 Ala. 411; *City Nat. Bank v. Jeffries,* 73 Ala. 183.

J. A. EMBRY, *contra.*—(No brief came to the hands of the reporter).

McCLELLAN, J.—This is a second action on the same attachment bond executed by N. O. Hamilton *et al.* prosecuted by the plaintiff, M. L. Maxwell. The parties are the same, the cause of action is the same, and the same recovery was sought in the former action as is sought in this. The plaintiff, Maxwell, took a non-suit· in the former action, and there was judgment against him for the costs. He has not paid that judgment. On these facts the court erred in overruling defendants' motion to stay all further proceedings in this cause .until the plaintiff pays the costs in the former suit.—*Ex parte*

*Street,* 106 Ala. 102; *Ex parte Shear,* 92 Ala. 596; 23 Am. & Eng. Encyc. of Law, pp. 527-8.

The facts adduced on the trial do not show that any valid levy of the writ of attachment was made. The officer attempting or intending to make the levy did not take possession of or assume dominion over the property, but at the most only, upon viewing it—certain lumber piled up in the yard of a saw-mill and, in part, at a railway depot—endorsed a levy on the writ and posted a notice nearby the property, that he had levied on it. *Abrams v. Johnson,* 65 Ala. 465; Goode v. Longmire, 35 Ala. 668; *Stanton v. Heard,* 100 Ala. 515; Waples on Attachment, §289; 1 Shinn on Attachment, §§207-8-9.

But the parties to the writ treated this as a valid levy, and the property was subsequently sold under a *venditioni exponas* made and executed as upon a valid levy. Under these circumstances the original invalidity of the levy cannot be availed of by the defendants in this action.—*Drummond v. Stewart,* 8 Iowa, 341; *Flournoy & Epping v. Lyon & Co.,* 70 Ala. 308.

No exemplary, vindictive or punitive damages are recoverable under the complaint in this case. To the recovery of such damages, it was essential that the complaint allege that the attachment was sued out without the existence of any statutory ground therefor, and also that there was no probable cause for believing that the ground upon which the writ was sued out existed. Charge 7 requested by defendant should have been given. *McLane v. McTighe,* 89 Ala. 411; *Crofford v. Vassar,* 95 Ala. 548; *Schloss v. Rovelsky,* 107 Ala. 596; *Bank v. Jeffries,* 73 Ala. 183.

Whether plaintiffs in attachment acted with malice in suing it out, was to be gathered by the jury from all the circumstances bearing upon that inquiry, and it was not competent for them to testify as witnesses that they entertained no ill will or malice towards the defendant when the attachment was sued out.

Charge 5 refused to the defendants assumes that the giving of property by the plaintiff to his sons in any way was sufficient to show probable cause for suing out the attachment. It also assumes that both plaintiff's sons were minors, which is not the fact; and is bad for other reasons.

Reversed and remanded.