# Hamilton *v.* Maxwell.

### *Action upon Attachment Bond.*

1. *Pleading and practice; how motion considered on appeal; bill of exceptions.*—The ruling of the trial court upon a motion to require the plaintiff to pay certain costs as a condition to

[Hamilton v. Maxwell.]

the further prosecution of his action will not be reviewed on appeal, unless the motion is incorporated in the bill of exceptions; and it is not sufficient for the presentation of the rulings upon such motion that a copy thereof appears as a part of the record in the transcript.

2. *Action on an attachment bond; admissibility of evidence.*—In an action upon an attachment bond, where it is shown that the writ of attachment was not in the file and was lost, it is competent for the plaintiff to introduce in evidence the motions made by the defendants in the attachment suit to substitute the writ of attachment and for a writ of *venditioni exponas* directing the sheriff to sell the property levied upon as shown by his return on the attachment writ ·

3. *Same; secondary evidence.*—In an action upon an attachment bond, where evidence is introduced that the writ of *venditioni exponas*, issued under an order of the court directing the sale of the property levied upon under a writ of attachment, was not in the file of papers in the case, and could not be found after diligent search by the clerk and sheriff in the places where such papers were usually kept, and could not be found in the office of either of such officers, secondary evidence of the contents of such *venditioni exponas* and of its execution, is admissible in evidence.

4. *Evidence; general objections properly overruled.*—Where a portion of the testimony to which a general objection is interposed is competent and admissible in evidence, such general objection is properly overruled.

5. *Action upon attachment bond; plea of set off; when judgment exorbitant.*—In an action upon an attachment bond, where the defendants file a plea of set off, and the evidence shows an indebtedness from the plaintiff to the defendant to the extent of $275.22, and the actual damages shown by the plaintiff's testimony to have been sustained by him on account of the wrongful suing out of the attachment amounts to $366.90, a verdict of the jury assessing the plaintiff's damages at $258.38 is exorbitant; and constitutes a ground for the granting of a new trial.

APPEAL from the Circuit Court of St. Clair.

Tried before the Hon. JOHN PELHAM.

This was an action brought by the appellant, M. L. Maxwell, against Newton O. Hamilton and J. W. Hamilton. The complaint counted upon the breach of an attachment bond and sought to recover damages for the wrongful suing out of an attachment by the defendants

who executed the attachment bond sued on. The defendants moved the court to require the plaintiffs to pay the costs which had accrued on the former appeal in this cause, which had been decided by the Supreme Court against the present plaintiff, and that the plaintiff be required to reimburse the defendants for the payment of said costs which they had been compelled to pay before the plaintiff be allowed to further proceed in this suit. This motion appears as a part of the record copied in the transcript and is not shown by the bill of exceptions, and there is no evidence relating to said motion shown in the transcript. This motion was overruled. The defendants pleaded the general issue and several pleas of set-off, in which they claimed that the plaintiff was indebted to them in the sum of $275.22. Upon issue joined upon these pleas the trial was had.

Upon the trial the plaintiff offered in evidence the bond sued on. It being shown to the court that there was no writ of attachment on file, purporting to have been issued under deed by virtue of the attachment bond, the plaintiff offered in evidence a motion made by the defendant, N. O. Hamileon, as plaintiff in the original attachment suit, in which he asked for an order allowing the plaintiff in said attachment suit to substitute the original attachment writ issued by the justice of the peace before whom the attachment was sued out and made returnable to the circuit court in favor of N. O. Hamilton and J. W. Hamilton against the plaintiff in the present suit. The plaintiff then offered in evidence the motion made by the defendant in said attachment suit in which he asked that the sheriff be ordered to take into his possession and sell the personal property which had been levied upon under the writ of attachment sued on by him against the plaintiff in the present suit. The defendants objected to the introduction in evidence of this motion upon the following grounds: 1. That it was illegal and incompetent evidence. 2. It was not shown that any writ of attachment was ever issued by virtue of said attachment bond. 3. It was not shown that said motion pertained to the same matter of objection as was expressed in said bond. The court overruled this objec-

tion, permitted the motion to be introduced in evidence, and to this ruling the defendants duly excepted. Thereupon the plaintiff offered in evidence the judgment entry of the court upon said motion asking for the sale of the property. This judgment ordered that the *venditioni exponas* be issued. The defendants objected to the introduction of this judgment entry upon the same grounds interposed to the introduction of the motion. The court overruled the motion, and the defendants duly excepted. It was then shown to the court that there was no writ of *venditioni exponas* or other appropriate writ on file purporting to have been issued by virtue of or in compliance with the mandate of said judgment, and that if any such writ had been issued it was lost and could not be found after diligence search therefor. The plaintiff introduced the clerk of the circuit court, the deputy clerk and the sheriff of the court, each of whom testified that they had made diligent search for the writ of *venditioni exponas* issued upon said judgment in the places where such papers were usually kept and where they would expect to find them, and that after such diligent search they had been unable to find them. The sheriff of said county testified to the fact that the writ of *venditioni exponas* in favor of the defendant N. O. Hamilton and against the plaintiff in the present suit was issued out of the circuit court and was delivered to him for execution, and that under said writ he had made a sale of the property as ordered. He also testified substantially to the contents of said writ of *venditioni exponas*. Defendants moved to exclude from the jury the evidence of the witness and the sheriff relating to his having taken possession and sale of the property of the plaintiff under the writ of *venditioni exponas* upon the grounds: 1. That it was not shown that said writ was in any way connected with or grew out of the attachment suit mentioned in the attachment bond sued on. 2. Because such testimony was illegal and incompetent. The court overruled the objection, and the defendant duly excepted.

The plaintiff, as a witness in his own behalf, testified that prior to the levy of the writ of attachment he

was engaged in the saw mill business; that on the morning of August 27, 1894, he was operating a saw mill when N. O. Hamilton, one of the plaintiffs, from whom he rented said saw mill, came to the plaintiff's place of business and demanded the payment of the rent; that he told Hamilton that he did not have the money, but would pay him in lumber; that Hamilton agreed to take the lumber, but that they could not agree as to the value of said lumber, and that thereupon it was agreed between them that it should be left to two persons to decide the value. The defendant objected to all of this testimony of the plaintiff upon the ground that it was illegal and incompetent and irrelevant. The court overruled the objection, and the defendant duly excepted. The plaintiff then introduced evidence tending to show the levy of the attachment upon this property and that there was no ground for the levy as set forth in the affidavit, which recited that the plaintiff was fraudulently disposing of his property. The defendant introduced evidence tending to show that there was some ground for the defendant believing that the plaintiff was disposing of his property other than in the regular course of business. The defendant also introduced other evidence tending to support the pleas of set-off. The evidence relating to the pleas of set-off are sufficiently stated in the opinion.

The defendant requested the court to give to the jury the several written charges, among which was the general affirmative charge in favor of the defendants. The court refused to give each of these charges, and the defendants separately excepted. The opinion on the present appeal renders it unnecessary to set out the facts in detail. The jury returned a verdict in favor of the plaintiff, assessing his damages at $258.38 and judgment was rendered accordingly. The defendants made a motion for a new trial, upon the grounds that the verdict of the jury was contrary to the law and the evidence and upon the further ground that the verdict of the jury was exorbitant. This motion was overruled, and the defendants duly excepted. The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

. M. M. SMITH, for appellant.—The motion to require the plaintiff to pay the costs as a condition for the further prosecution of the suit should have been sustained. *Hamilton v. Maxwell*, 119 Ala. 23; *Ex parte Street*, 106 Ala. 102; *Ex parte Spear*, 92 Ala. 596; 23 Am. & Eng. Ency. Law, 527-8.

The rulings of the court upon the evidence were erroneous.—*Reynolds v. McClure*, 13 Ala. 159; *Galbreath v. Cole*, 61 Ala. 139; *Thresh v. Bennett*, 57 Ala. 156; *Flournoy v. Lyon & Co.*, 70 Ala. 308; *Wharton v. Cunningham*, 46 Ala. 590; *Trammell v. Hudson*, 56 Ala. 235.

The damages assessed by the jury were exorbitant, and for that reason the defendant's motion for a new trial should have been granted.—*Hall v. Hall*, 47 Ala. 290; *Johnson v. Martin*, 54 Ala. 271; *Carter v. Shorter*, 57 Ala. 253; *Davidson v. State*, 63 Ala. 432; *S. & N. R. R. Co. v. McClendon*, 63 Ala. 266.

JAMES A. EMBRY, *contra*, cited *Hamilton v. Maxwell*, 119 Ala. 23; *Ex parte Street*, 106 Ala. 102; *Ex parte Spear*, 92 Ala. 596; 3 Brick. Dig., § 20; *Very v. Watkins*, 25 How. 469; *Baucum v. George*, 65 Ala. 250.

TYSON, J.—The motion to require the plaintiff to pay certain costs as a condition to a further prosecution of his action is not incorporated in the bill of exceptions. The action of the court thereon is not, therefore, revisable.—*Ewing v. Wofford*, 122 Ala. 439, and authorities cited. Besides the record fails to set out the evidence introduced in support of the motion, if any was introduced. So if the motion appeared in the bill of exceptions, with no proof of the facts alleged in it appearing in the record, we would be compelled to sustain the rulings of the court overruling it.

The trial court committed no error in refusing to exclude the motion of defendants made in the attachment suit to substitute the writ of attachment and for a writ of *venditioni exponas* directing the sheriff to sell the property levied upon as shown by the writ of attachment; nor in refusing to exclude the order of the

[Hamilton v. Maxwell.]

court thereon. These records were clearly competent to show the recognition by defendants of the validity of the levy of the writ of attachment by the constable and to preclude them from attacking it for invalidity. Having represented to the court by motion that the attachment had been levied and having procured from the court an order of sale for the property, they cannot be allowed to avail themselves of the invalidity of that levy.—*Hamilton v. Maxwell,* 119 Ala. 26.

We are clearly of the opinion that a sufficient predicate was laid for the introduction of secondary evidence of the contents of the *venditioni exponas* and of its levy. Nor was there any merit in the objection that the writ of *venditioni exponas* is not shown to have been in any way connected with or to have grown out of the attachment suit. On this point we need only refer to the fact that the affidavit for the writ of attachment and the bond upon which the suit is brought, both bear date August 27th, 1894, and show that the writ was issued by E. E. Clayton, J. P., returnable to the Fall term, 1894, of the circuit court of St. Clair county, which facts are also shown by the motion and the order of the court thereon granting the writ of *venditioni exponas.*

We are unable to determine from the objection and motion what portion of Maxwell's testimony was objected to. Clearly a part of it was entirely competent. The court below was under no duty to separate the legal or competent from illegal or incompetent, and the objection, failing in this respect, was properly overruled.

On former appeal in this case (*Hamilton v. Maxwell, supra*), it was held that no exemplary, vindictive or punitive damages are recoverable under the complaint. So, then, the plaintiff can, of course, recover only actual damages. The defendants filed a plea of set-off, upon which issue was taken and the evidence without conflict supports the plea to the extent of $275.22. The actual damages shown by plaintiff's testimony to have been sustained by him, amounts to $366.90, about which there is a serious dispute in the evidence. The verdict of the jury assessed the plaintiff's damages at

$258.38. The motion for a new trial, the overruling of which is assigned as error, should have been granted upon the ground assigned in it, that the damages assessed by the jury were exorbitant.

We do not wish to be understood as committing ourselves to the meritoriousness of the defendant's plea of set-off.—*Hundley v. Chadick,* 109 Ala. 575; *Painter v. Munn,* 117 Ala. 322. We express no opinion on that point. It is not raised, since the plea was made material by issue having been taken upon it. We also entertain the opinion that whether the attachment was wrongfully sued out was a question of fact for the determination of the jury. The general affirmative charge requested by defendants was properly refused.

Reversed and remanded.

DOWDELL and SHARPE, JJ.—If what is said in the opinion is to be construed as intimating that the plea of set-off is not a proper one in this action we wish to be understood as not concurring in such intimation. The question not being raised, any expression of opinion concerning the merits or demerits of the plea would be mere *dictum.*