# Sells *v.* Price.

## *Assumpsit.*

(Decided Dec. 19, 1911. 57 South. 265.)

1. *Sales; Contract; Meeting of Mines.*—Where plaintiff was the landlord and defendant was the cropper and plaintiff showed the defendant cribs in which to put the rent corn, and other cribs in which to put his own corn, but neither having agreement or understanding that the corn placed in the crib would be taken for rent and neither assumed dominion over it, there was no meeting of mines such as will bind the landlord as for a sale and delivery, although the tenant believed that the corn put in the crib was to be taken in payment of his indebtedness.

2. *Attachment; Sufficiency of Levy; Assumpsit of Dominion.*—Where an attachment was levied agaist a share cropper and the corn in the field was merely pointed out to the constable who had the attachment, and he arranged with the owner of the land, who was plaintiff in the attachment, to gather such corn, there was not such an assumption of dominion of the corn as to constitute a levy, and where the owner did not later gather it, and it was lost or destroyed without his fault, he is not chargeable for its value as a set-off against an action for rent due.

[Sells v. Price.]

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by W. H. Sells against I. N. Price. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The facts sufficiently appear in the opinion of the court. The oral charge is set out in the bill of exceptions in the following language: "In the oral charge the court instructed the jury that they were authorized to allow Price a credit for the corn in the field, if O'Neal arranged with Sells to gather it." It appears from the evidence that O'Neal was the constable who levied the attachment, and he testified that he did not levy on the corn in the field; that plaintiff, Sells, pointed to the corn in the field; and that he (the constable) appointed Sells to gather it; and Sells stated that when he went to gather it, the stock had destroyed it.

TALLY & FRICKS, for appellant. Counsel discuss the errors assigned, but without citation of authority.

W. J. MARTIN, for appellee. No brief reached the Reporter.

WALKER, P. J.—The defendant pleaded by way of set-off that at the time of the bringing of the suit "plaintiff was indebted to the defendant in the just and true sum of, to wit, $75, for corn sold and delivered to him, and for the further sum of $38.25 for other corn grown by the defendant on the lands of plaintiff, which plaintiff wrongfully took from defendant and destroyed, or permitted to be destroyed."

The defendant was a share cropper on the plaintiff's place in the year 1909. As to the first-mentioned item of set-off, the evidence was to the effect that the defendant gathered eight loads of corn, and put two of the

loads in one crib as rent, and the other six loads in another crib on the plaintiff's land. The defendant himself testified that in the fall he asked the plaintiff where to put the corn, and plaintiff showed him a crib into which to put the rent corn and a different crib in which to put defendant's corn; that there was no arrangement under which the six loads of corn were put in the crib; that "Sells just told witness (the defendant) to put it there. He just understood it was put there to pay what he owed Sells." There was no evidence tending to show that the plaintiff assumed control or dominion over the six loads of corn to which the defendant was entitled, or that he agreed to buy that corn, or to accept it as a payment on the debt. There was no evidence tending to show that the minds of the parties met in an agreement or understanding to this effect. The undisclosed understanding of one of the parties, not acquiesced in by the other, could not have the effect of rendering the latter chargeable as the purchaser of the former's property. The allegation of the plea that that corn was sold and delivered to the plaintiff was not sustained by evidence. This being true, the second charge requested by the plaintiff should have been given.

The other subject of a claim of set-off was the corn which was in the field ungathered at the time the attachment was sued out. It was merely pointed out to the constable, who arranged with the plaintiff to gather it. The constable did not assume such dominion over that property as to constitute a levy of the attachment upon it.—*Hamilton v. Maxwell*, 119 Ala. 23, 24 South. 769; *Abrams v. Johnson*, 65 Ala. 465. Under the part of the oral charge of the court to which the plaintiff excepted, the jury were authorized to allow the defendant a credit for the corn in the field if the constable, who had not made a levy upon it, arranged with the plaintiff to

gather it. The mere making of such arrangement would not render the plaintiff liable for the value of that corn if he did not in fact assume control of it, or if it was lost or destroyed without his fault, but really as the result of the fault of the defendant himself in going away and leaving that part of his crop ungathered, as there was some evidence tending to show was the fact. In view of the pleading and evidence touching this subject of set-off, the court was in error in the part of its oral charge to which an exception was reserved.

Reversed and remanded.